### St. Louis Southwestern Railway Company of Texas v. Alexander Eccles & Company.

#### Decided January 2, 1909.

**1.—Evidence—Boundary—Right of Way.**

When, by an examination of the records, it could not be told where the lines of the right of way of a railway company were on the ground, the testimony of a surveyor who had run the lines as to where they were located was admissible over objection that the records were the best evidence.

**2.—Same—Fire—Escape of Sparks from Engine.**

Where, in a suit against the railway company for damages by fire set out by its engine, the company introduced testimony that the engine had been throwing sparks ten days before the fire but had been repaired and had not thrown sparks since, and there was no testimony as to how repairs were made, testimony that within the ten days other fires were set out at the same place by the engine, was admissible in rebuttal.

**3.—Fire—Prima Facie Case—Burden of Proof.**

In a suit against a railway company for damages by fire set out by its engine, proof by the plaintiff that the injury complained of was caused from fire set out by sparks from the engine while being operated upon the road, constitutes a prima facie case, and, if not rebutted, entitles the plaintiff to recover; and the court may so instruct the jury.

Appeal from the District Court of Hill County. Tried below before Hon. W. C. Wear.

*E. B. Perkins* and *Scott, Sanford & Ross,* for appellant.

*Morrow & Smithdeal,* for appellees.

RAINEY, Chief Justice.—This suit was brought by appellee against appellant to recover damages for the negligent burning of ninety-nine bales of cotton by permitting sparks to escape from its engine and setting fire to grass allowed to accumulate on its right of way, which fire communicated to a hull house and from there to plaintiff's cotton and burning same. Defendant plead general demurrer, general denial, and specially that its engine was equipped with the best improved spark arrester which was in the best state of repair and which engine was properly operated, and that if said fire was

caused by said engine at all it was caused by sparks that communicated direct to the hull house of the Hill County Cotton Oil Company, and not from the grass on the right of way. A trial resulted in a verdict and judgment for plaintiff and the railway company appeals.

The evidence shows that on the 21st day of February, 1907, in the town of Hillsboro, Texas, an engine of the appellant's was being operated along its track in said town, and sparks were emitted therefrom and set fire to grass that was allowed to accumulate on appellant's right of way, and from said grass said fire was communicated to the hull house of the Hill County Cotton Oil Company, which was situated between the tracks of appellant and the Missouri, Kansas & Texas Railway Company, and from said hull house the fire was communicated to plaintiff's cotton, which was loaded on the cars of the Missouri, Kansas & Texas Railway Company, and burned said cotton, which was of the value as found by the jury. The appellant was negligent in not having its engine in proper repair and in permitting sparks to escape, which resulted in the burning of plaintiff's cotton.

Objection is made to the action of the court in not excluding the testimony of witness Preston as to the location of the lines between the Missouri, Kansas & Texas Railway Company and the Hill County Cotton Oil Company, and the defendant company's property. The witness on cross-examination, when asked if he "knew where the Cotton Belt right of way is along there, whether it owns up to the mill or not?" answered, "Yes, that is my information in examining into the matter at the time I was engaged in the work." Q. "Did you learn that from what you were told?" A. "That was the result of my investigation of the record." Preston was a surveyor and had testified on direct examination that he was familiar with said lines; that he had located the property lines of the cotton mill people between the two right of ways, the Missouri, Kansas & Texas and the Cotton Belt, and the hull house was situated between the two. The objection to Preston's testimony was that it was hearsay and inadmissible to establish the location of a line between two tracts of land, the records being the best evidence of what they contained. We do not think the testimony objectionable on the ground of hearsay. It is true that the records were the best evidence of what they contain, but by examination of the records it could not be told where the lines were on the ground. To do this with exactness it was necessary to apply the chain and compass by one understanding surveying. This Preston did and his testimony was admissible. But there was other testimony admitted without objection showing the location of the railroad track and hull house, which is as testified to by Preston. Besides, there seems to be no contention on the part of appellant that the location is different from that as stated by plaintiff's witnesses.

Appellant objected to the admission of the testimony of witness Dickson to the effect that he had seen within ten days before the fire in question other fires on the right of way at the same place, set by the engine making a flying switch. Appellant introduced testimony showing that this engine had been throwing sparks ten days before this, but had been repaired and had not thrown sparks since. No

one testified that they saw the engine repaired or how it was repaired. The person who did the repairing was not introduced and there is no testimony as to how the repairs were made. The appellant had introduced testimony to show that its spark arrester was in good repair, and in rebuttal the testimony of Dickson was admissible to counteract the effects of the testimony introduced by appellant. (Missouri, K. & T. Ry. Co. v. Dawson, 109 S. W., 1110.)

We see no merit in appellant's contention that the court erred in telling the jury, in effect, that if they believed sparks of fire escaped from the defendant's engine and set fire to grass on defendant's right of way, which fire was communicated to and burned plaintiff's cotton, such would constitute a prima facie case, etc. The charge complies substantially with the rule laid down by the Supreme Court in Gulf, C. & S. F. Ry. v. Johnson, 92 Texas, 591, which involved the same issue here presented. In that case Justice Brown, speaking for the court, said: "It is well settled in this State that in cases of this character proof by the plaintiff that the injury complained of was caused from fire set out by sparks from a railroad locomotive while it was being operated upon the road, constitutes a prima facie case, and, if not rebutted, entitles the plaintiff to recover. It was not error for the court to state to the jury that such facts, if proved, entitled the plaintiff to recover, unless rebutted by defendant." Also see the cases cited in the opinion. Finding no error in the judgment it is affirmed.

*Affirmed.*

Writ of error refused.