### A. E. Tinker v. The State.

No. 3676. Decided October 13, 1915.

Rehearing denied November 3, 1915.

**1.—Arson—Indictment.**

Where, upon trial of arson, the indictment charged that the defendant on the date alleged in the indictment, and anterior to the presentment of the same in the county of the prosecution, did then and there unlawfully and maliciously set fire to and burn the house of O. S., there situate, the same was sufficient, under article 1200, Penal Code, et seq.

**2.—Same—Evidence—Title—Possession.**

The title to the property burned, in a prosecution for arson, is never in issue, and it is not essential that a deed to the alleged owner be introduced in

evidence, but oral testimony of the possession and ownership is always admissible. Following Allen v. State, 62 Texas Crim. Rep., 501.

### 3.—Same—Bill of Exceptions.

Where the bill of exceptions was to the admission of testimony that the property belonged to the alleged owner without further pointing out the error, the same was insufficient to be considered on appeal. Following James v. State, 63 Texas Crim. Rep., 75, and other cases.

### 4.—Same—Evidence—Possession.

Upon trial of arson, there was no error in permitting a local insurance agent to testify that the alleged owner of the burned gin insured it. Such testimony was admissible to show possession. Besides, there was other testimony of the same character admitted without objection.

### 5.—Same—Rule Stated.

It is well settled in this State that the erroneous admission of testimony is not cause for reversal if the same fact is proven by other testimony not objected to. Following Wagner v. State, 53 Texas Crim. Rep., 306, and other cases.

### 6.—Same—Evidence—Insurance Policy—Ownership—Possession.

Where defendant was not the owner of the burned gin, it was not necessary to introduce the insurance policy to show that the burned house was injured, upon trial of arson, and there was no error in admitting oral testimony that the alleged owner of the gin insured it.

### 7.—Same—Irrelevant Testimony.

Upon trial of arson, there was no error in not permitting the defendant to introduce testimony that a certain brand of whisky came from an important State's witness.

### 8.—Same—Property in Controversy—Deeds—Possession.

Upon trial of arson, there was no error in not admitting in evidence copies of deeds which defendant claimed showed that the alleged burned property was in controversy, without showing that someone other than the alleged party injured, was in possession, or at least claimed possession.

### 9.—Same—Evidence—Indictment.

An indictment must be tested by itself, as a pleading under the law. It can neither be supported nor defeated as such by what evidence is introduced on the trial. Following Ritter v. State, 76 Texas Crim. Rep., 594.

### 10.—Same—Conduct of District Attorney—Bill of Exceptions.

Where the bill of exceptions was not verified, and pointed out no error as to the conduct of the district attorney in cross-examining the witness, there was no reversible error.

### 11.—Same—Sufficiency of the Evidence.

Where, upon trial of arson, the evidence, although conflicting, sustained the conviction, there was no reversible error.

Appeal from the District Court of Scurry. Tried below before the Hon. John B. Thomas.

Appeal from a conviction of arson; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Smith & Spiller,* for appellant.—On question of ownership of property: Goldsmith v. State, 81 S. W. Rep., 710.

On question of insurance: Moore v. State, 146 S. W. Rep., 183; Brown v. State, 150 S. W. Rep., 436; Crowder v. State, 177 S. W. Rep., 501.

On question of insufficiency of the evidence: Satterwhite v. State, 177 S. W. Rep., 959.

*C. C. McDonald,* Assistant Attorney General, for the State.

PRENDERGAST, Presiding Judge.—Appellant was convicted of arson, and his punishment assessed at the lowest prescribed by law.

With the necessary beginning and ending allegations, the indictment averred: "That A. E. Tinker, on or about the 18th day of October, one thousand nine hundred and thirteen, and anterior to the presentment of this indictment, in the County of Scurry and State of Texas, did then and there unlawfully and wilfully set fire to and burn the house of Oz Smith there situate."

It follows the statute (P. C., arts. 1200 et seq.) prescribing the offense, and the approved form (Willson's Forms (4 ed.) p. 278), and is clearly sufficient against all of appellant's objections to the effect, (1) the indictment was insufficient in law; (2) it did not sufficiently describe the burned house; (3) it did not give him specific notice of the crime charged, and (4) that the description of the burned property is vague and uncertain.

He has some bills of exceptions to the admission and exclusion of evidence. His first on this subject merely states that on the trial "the State introduced the following testimony, towit: That a *gin* was burned in the town of Snyder, Scurry County, Texas, on or about the 18th day of October, 1913, and that the said gin belonged to Oz Smith," and that he objected for the same reason he gave in his motion to quash the indictment. What witness so testified, or what other evidence was introduced, is not stated. Unquestionably under the rules (secs. 857, p. 551, and 1123, p. 732, of Wh. Ann. C. C. P.; Jones v. State, 63 Texas Crim. Rep., 75; Ortiz v. State, 68 Texas Crim. Rep., 524, 151 S. W. Rep., 1056; Best v. State, 72 Texas Crim. Rep., 201, 164 S. W. Rep., 996; Arnold v. State, 74 Texas Crim. Rep., 269, 168 S. W. Rep., 122), this bill can not properly be considered. However, there is no doubt that such evidence was admissible. It has always been held in this State that the title to the burned property in this offense is never in issue, and that it is not essential that any deed to the alleged owner be introduced in evidence, but that oral evidence of the possession and ownership is always admissible. (Allen v. State, 62 Texas Crim. Rep., 501, and cases there cited. See also sec. 1335, Wh. Ann. P. C., p. 522.)

Mr. McConnell, a local insurance agent, testified in effect that Oz Smith, the alleged owner of the burned gin, insured it. Appellant objected to this evidence because said Smith had other houses, and the indictment did not aver the burned house was a gin, and the insurance

policy was the best evidence. The court did not permit any evidence of the contents of the policy. This evidence was admissible just like any other fact would be which showed said Smith owned, claimed or was in possession of the gin. Besides, said Smith himself, without any objection by appellant, testified fully the same thing. This court, in Wagner v. State, 53 Texas Crim. Rep., 306, said: "It is well settled in this State, that the erroneous admission of testimony is not cause for reversal if the same fact is proven by other testimony not objected to," citing many cases. (See also Bailey v. State, 69 Texas Crim. Rep., 474, and Christie v. State, id., 598.) Again, the uncontroverted testimony of a large number of witnesses, including that of appellant himself, established that said Smith's said gin was burned on the night of October 18, 1913. Every witness identified the burned gin as that of said Smith. Appellant cites us to some arson cases where it seems to have been held that it was necessary to introduce the insurance policy to show that the burned house was insured, but those cases are not in point for they were where the owner was indicted for burning his own insured house.

Appellant also objected because he claims the court would not permit him to introduce testimony that a certain brand of whisky came from Lit Chapman, an important State witness, and that he only handled that brand. The court refers to the statement of facts, which shows that a great deal of testimony was introduced by various witnesses to that effect.

Appellant has another bill complaining that the court erred in refusing to permit him to introduce in evidence copies of three deeds from Leroy Johnson, all conveying the said gin property to three distinct persons, "one conveying the property before it was conveyed to Oz Smith, another conveying the property to Oz Smith, and another, a sheriff's deed, conveying the property as that of Leroy Johnson to Continental Gin Co., after the date of the deed to Smith," claiming, "these deeds show that the property was evidently in controversy." The court qualified the bill as follows: "The defendant offered some deeds which were refused by the court, as the court could not inquire into exact title to the property, the State having proved by a deed that Smith claimed the property and was claiming the property at the time it burned." This is the full bill, without quoting it. The bill in no way pretends to claim that he would or could introduce any evidence whatever to show, or tend to show, that any person whomsoever other than said Smith set up any claim whatever to said property, or was in possession thereof, or claimed possession of it, or that any other, except said Smith owned it. But the testimony, and all of it, without any contradiction whatever, overwhelmingly established that said Smith alone owned said gin and had for a number of years. He alone had run it in previous years during the ginning season, and repaired it to run for 1914, but had run it partly ginning one bale during that season before it was burned. We think this bill shows no error. Even if said copies of deeds, as claimed by appellant, could have been held

to show that "the property was in controversy," that would not have made them admissible, without showing that someone other than said Smith was in possession, or at least claimed possession, and there is not even such pretense by the bill, or otherwise in this record. The title to the property is not and was not an issue. (Allen v. State, supra.)

The indictment could not be shown to be defective by evidence that said Smith owned other houses than said gin, and at some other time he had had houses burned. "The indictment must be tested by itself under the law, as a pleading. It can neither be supported nor defeated as such by what evidence is introduced on the trial." (Ritter v. State, 76 Texas Crim. Rep., 594, 176 S. W. Rep., 727.)

By other bills appellant complains of the manners and attitude of the district attorney in cross-examining a witness. These are very general, and as stated by the court are appellant's mere conclusions, and not approved in the bill as facts. They point out no reversible error.

No other questions are raised requiring discussion. We have carefully studied the statement of facts. There was conflict in the evidence. But the testimony of the State, if believed by the jury, as it evidently was, was amply sufficient to sustain the verdict. That it may have authorized his acquittal, if the jury had believed him and his witnesses, would not authorize or justify this court to set the verdict aside.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied November 3, 1915.—Reporter.]