# NOVEMBER, 1915

### E. C. Backus v. The State.

#### No. 3741.    Decided November 3, 1915.

**1.—Forgery—Passing Forged Instrument—Sufficiency of the Evidence.**

Where, upon trial of having a forged instrument in possession, with intention to pass it, the evidence sustained the conviction, there was no reversible error.

**2.—Same—Bills of Exception.**

Where the bills of exception were either not approved, or presented no error to be considered, there was no reversible error.

**3.—Same—Suspension of Sentence—Evidence.**

Where defendant pleaded suspension of sentence, and the record showed that he had been repeatedly arrested for various misdemeanors, and once for a felony, he could not complain, even if the trial court had overruled his objection. Following Williamson v. State, 74 Texas Crim. Rep., 289.

Appeal from the District Court of El Paso. Tried below before the Hon. W. D. Howe.

Appeal from a conviction of having in possession a forged instrument, with intention to pass the same; penalty two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.

PRENDERGAST, Presiding Judge.—Appellant was indicted on two counts, the first for forgery, the other for knowingly having in his possession a forged instrument with intention to pass the same. Only the second count was submitted, and he was found guilty on that count, and his punishment assessed at the lowest prescribed by law.

Appellant claims that the evidence was insufficient to sustain the conviction. We have carefully read the statement of facts, and, in our opinion, the testimony was sufficient to sustain the conviction, and we would not be authorized to reverse the case on that ground.

There is in the record what might otherwise be considered bills of exception, but the court refused expressly to approve them. Hence, they can not be considered. There is one which complains that the court permitted the State to ask him and required him to answer on cross-examination that he had been repeatedly arrested for various misdemeanors and once for a felony. The court in approving the bill

expressly states that the appellant did not except when he overruled his objections to that character of testimony. The appellant filed his proper plea seeking the suspension of a sentence in case he was convicted. Even if he had excepted to the action of the court it would present no error, because on his plea for suspended sentence said testimony was admissible. Williamson v. State, 74 Texas Crim. Rep., 289, 167 S. W. Rep., 360; Conaster v. State, 75 Texas Crim. Rep., 91, 170 S. W. Rep., 314.

The judgment is affirmed.

*Affirmed.*