## J. C. CASEY v. THE STATE.

No. 3842.    Decided December 1, 1915.

**1.—Theft of Hog—Sufficiency of the Evidence.**

Where, upon trial of theft of a hog, the evidence sustained the conviction, there was no reversible error.

**2.—Same—Conversation—Evidence—Declaration of Third Party.**

Where, upon trial of theft of a hog, the court admitted in evidence a conversation between witness and defendant in which he told the defendant what the prosecutor had told witness, but this was simply telling what witness said to the defendant, and the defendant's reply thereto in answer to a statement made by defendant, and defendant was not under arrest when he brought up this conversation, and what witness said to him was necessary to render his. reply intelligible, there was no error in admitting said testimony. Distinguishing Anderson v. State, 14 Texas Crim. App., 49, and other cases.

**3.—Same—Evidence—Moral Turpitude—Suspension of Sentence—Argument of Counsel.**

Where, upon trial of theft of a hog, defendant filed a plea for a' suspension of sentence, and introduced testimony to prove that his reputation as a peaceable, law-abiding citizen was good, there was no error in permitting the State on cross-examination to ask these witnesses if they knew that defendant had been prosecuted with others for keeping a disorderly house, and upon defendant's objection that he had not been convicted thereof, to permit the ' State to show that defendant had turned State's evidence, and the county attorney's. comments thereon were not improper.

**4.—Same—Evidence—Credibility of Witness—Argument of Counsel.**

Where, upon trial of theft of a hog, a witness for the defendant testified that he was present when defendant paid another for the hog, whereupon, on cross-examination, the State asked witness if he had not approached another and asked him to also testify to such state of facts, which he denied, when said other person was called as a witness, and testified that said defendant's witness said to him that old daddy Casey, the defendant, was in a pretty bad fix, and that he was going to help him out, etc., and whether he couldn't help him out, there was no reversible error, the court properly limiting said testimony; neither was there error in the county attorney's argument on said testimony.

**5.—Same—Ownership—Employe—Charge of Court.**

Where one was a mere employe of the owner'of the alleged stolen hogs, feeding and looking after them, it was not necessary to allege ownership in him, or to charge the jury upon this question.

Appeal from the District Court of Ellis. Tried below before the Hon. F. L. Hawkins.

Appeal from a conviction of theft of a hog; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*W. H. Fears,* for appellant.—On question of the insufficiency of the evidence: Bagley v. State, 3 Texas Crim. App., 163.

On question of admitting conversation: Anderson v. State, 14 Texas Crim. App., 49, and cases stated in opinion.

On question of impeaching witness: Rice v. State, 51 Texas Crim. Rep., 255; Lutrell v. State, 51 S. W. Rep., 931; Branch's Crim. Law, sec. 862.

On question of argument of counsel: Davis v. State, 54 Texas Crim. Rep., 236; Taylor v. State, 50 id., 560; Jenkins v. State, 49 id., 457.

*C. C McDonald,* Assistant Attorney General, for the State.—On question of reputation: Hargrove v. State, 33 Texas Crim. Rep., 431.

On question of argument of counsel: Morrison v. State, 40 Texas Crim. Rep., 473; Gilmore v. State, 37 id., 179; Spangler v. State, 42 id., 233; Bennett v. State, 24 Texas Crim. App., 73.

HARPER, JUDGE.—Appellant was convicted of theft, and his punishment assessed at two years confinement in the State penitentiary.

The evidence fully supports the verdict. Appellant's defense was that the hog he sold Mr. Earle had been secured by him from a Bohemian. The court submitted this issue to the jury, and they found against appellant. The testimony of Mr. Ritch and Smith Harrison, who identified the hog as one stolen from Mr. Ritch, was weakened some by the testimony of Mr. Collier, but on this trial they testify positively that the hog in question was stolen from Mr. Ritch.

Mr. Earle was permitted to testify to a conversation he had with appellant in regard to this stolen hog. He testified, among other things: "I had a conversation with Mr. Casey, and he, appellant, said to me: 'Earle, what you think? Mr. Ritch is claiming the hog that I let you have.' I said, 'Yes, that is what he tells me, that he has lost a hog. He gave me a description of the hog and went out there and looked at the hog and said it was his.' He first went through my bunch of hogs and did not find him and seen him over in another pen, and the negro says, 'Yonder is that hog.' I was telling Casey what Ritch told me, and Casey says, 'Why, I got him from a Bohemian, I will get the Bohemian, I just a while ago paid him for the hog.'" Appellant objected to this conversation, and especially that portion as to what Earle told appellant Ritch had said. Appellant was not under arrest at this time; brought up the conversation himself, and what Earle said to him was necessary to render his reply intelligible. There was no error in admitting the testimony. Appellant cites us to the cases of Anderson v. State, 14 Texas Crim. App., 49; Cannada v. State, 29 Texas Crim.

App., 537; Thompson v. State, 42 Texas Crim. Rep., 142. In these cases it is held that the witness would not be permitted to testify that the owner identified the property when defendant was not present. These cases correctly announce the law, but this case is wholly different. The witness is testifying to a conversation he had with defendant, and is telling merely what he said to defendant and defendant's reply thereto, even though it involved what some other person had said. It was to no additional fact in evidence, as Mr. Ritch had already testified to the same matter. Witness was merely telling defendant, in answer to a statement made by him, what had been done, and then to give appellant's reply and explanation.

Appellant filed a plea, praying for a suspension of sentence, and in addition placed Sam Wood, Pete Freeman and a number of other witnesses on the stand to prove that his reputation as a peaceable, law-abiding citizen was good. On cross-examination of these witnesses the State was permitted to ask them if they knew of defendant being prosecuted in connection with Ed Wimberly for running a disorderly house. Mr. Freeman replied that he had heard of it. Appellant objected to this testimony on the ground that appellant had not been convicted. The State then proved that appellant had turned State's evidence, and on the trial of Wimberly testified in behalf of the State. The court did not err in admitting the testimony, as appellant had placed in issue his reputation as a peaceable, law-abiding citizen. Neither were the comments of the county attorney on this phase of the testimony improper. Appellant was seeking a suspension of the sentence, if he was found guilty, and it was legitimate for the county attorney to comment on this testimony and draw legitimate deductions from the fact that appellant had turned State's evidence on that occasion and thereby secured a dismissal of the case against him.

Ed Wimberly testified for defendant, and testified that he was present when appellant paid the Bohemian for the hog appellant was prosecuted for having stolen from Mr. Ritch, and sold to Mr. Earle. On cross-examination the State asked Wimberly if he had not approached Henry Leach and told Leach he was going to so testify, and asked Leach to also testify to such state of facts. Wimberly denied having done so, when Leach was called and testified: "Ed Wimberly said to me, 'Old Dad Casey is in pretty bad fix, I am going to help him out and I am going to tell that I saw him pay the Bohemian the money. Can you help him out?'" The court did not err in admitting the testimony. In his charge he properly limited it by instructing the jury that they could not consider it as evidence against the defendant, but if considered at all, it would be to aid them, if it does, in determining the weight to be given the testimony of Ed Wimberly, and his credibility. The remarks of the county attorney in regard to this testimony were also proper and legitimate, and he said nothing but what would be deducible from it from the State's standpoint. Legitimate deductions may always be drawn in argument.

There was no evidence calling for a charge on the issue of whether

or not Smith Harrison had that care and control of the hog as to render it necessary that ownership be alleged in him  He was a mere employe of S. F. Ritch, feeding and looking after the hogs; but they were at all times in the possession of Ritch.

The judgment is affirmed.

*Affirmed.*