CHARLEY MEDLOCK V. THE STATE.

No. 4011.  Decided March 29, 1916.

Rehearing denied April 26, 1916.

**1.—Occupation—Intoxicating Liquors—Sufficiency of the Evidence.**

Where, upon trial of unlawfully pursuing the occupation of selling intoxicating liquors in local option territory, the evidence was sufficient to sustain the conviction, there was no reversible error.

**2.—Same—Practice—Practice on Appeal.**

Where, upon trial of unlawfully pursuing the occupation of selling intoxicating liquors in local option territory, the district attorney stated that he was going to dismiss another indictment against defendant for the same offense, and did so dismiss it, defendant having first objected and then withdrew his objections, there was nothing to review.

**3.—Same—Suspension of Sentence—Statutes Construed—General Reputation.**

The statutes on suspended sentence (Section 2, Act February 11, 1913, p. 8) expressly prescribe that when the defendant applies in' time for a suspension of sentence in the event he is convicted, the court shall permit testimony and submit the question to the jury as to the general reputation of defendant to enable the jury whether to recommend a suspension of sentence, and this of itself puts in issue his reputation as a peaceable, law-abiding citizen, and any evidence which tends to show that he is not entitled to such reputation is admissible, and the fact that he has not before that time been convicted of felony does not in and of itself entitle him to a suspension of sentence, and there was therefore no error in admitting testimony that defendant had the reputation of being a bootlegger, etc.; that he ran a dance hall, etc., where liquors were sold. Following Williamson v. State, 74 Texas Crim. Rep., 289, and other cases.

**4.—Same—Evidence—Rule Stated.**

It is well established in this State where more than one of several items of testimony is objected to as a whole a part of which is admissible and other parts are not, there is no error to admit such testimony over a general objection that it is incompetent and illegal. Following Ortiz v. State, 68 Texas Crim. Rep., 524, and other cases.

**5.—Same—Evidence—Rule Stated.**

It is another well established rule that even the erroneous admission of testimony is not cause for reversal, if the same fact is proved by other evidence not objected to. Following Wagner v. State, 53 Texas Crim. Rep., 306, and other cases. And where defendant himself testified that he bore the reputation of unlawfully selling whisky, other testimony that he had the reputation of being a bootlegger did not constitute reversible error.

**6.—Same—Question of Fact—Credibility of Witnesses.**

The contention that the State's witnesses were unworthy of belief was a question of fact exclusively for the jury and the trial judge.

Appeal from the District Court of Gregg. Tried below before the Hon. W. C. Buford.

Appeal from a conviction of unlawfully pursuing the occupation of selling intoxicating liquors in local option territory; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*F. J. McCord* and *Martin & Nelson,* for appellant.—On the question of insufficiency of the evidence: Oliver v. State, 69 Texas Crim. Rep., 263, 152 S. W. Rep., 1066; Whitehead v. State, 66 Texas Crim. Rep., 482, 147 S. W. Rep., 583.

*C. C. McDonald,* Assistant Attorney General, for the State.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted of unlawfully engaging in and pursuing the occupation or business of selling intoxicating liquor in the prohibition county of Gregg, and his punishment assessed at the lowest authorized by law.

The evidence was amply sufficient to sustain the verdict It is unnecessary to recite it.

Appellant's purported bill No. 1 shows that on the trial the district attorney presented another indictment against appellant for the same offense, and stated that he was going to dismiss that case, and did dismiss it. At first appellant objected, but when the district attorney stated he was going to dismiss that case, appellant withdrew his objections. The judge shows this in his statement, and did not, therefore, allow or approve the bill. Hence, that bill passes out, and presents no error.

By proper plea appellant sought to have his sentence suspended, if convicted. He testified, and on his direct examination, swore he had never been convicted of a felony in this, or any other, State, and that he had never been arrested for anything.

On cross-examination by the State, he swore he had a dance hall down at his place where he lived in Longview, and that he sold cold drinks on nights when suppers were given there. (He also denied selling such drinks.) He denied that he had dances there, but said others did. "There is generally a big crowd around there every night when we have dances. . . ." He denied that these people were always boisterous, and denied seeing any of them drink or knowing any of them were drunk there, and said he did not know of any loud talking, cursing or swearing there.

On his redirect examination by his attorneys, he swore that "this whisky proposition originated in a falling out between me and my wife in a suit for divorce." That she wanted to claim some of his

property he owned before he married her and that she shot at him one time.

The State did not recross him on this matter, but on his recross he swore: "I do bear the reputation of selling whisky."

No objection whatever was made by him to any of his testimony given on cross or recross-examination, and none by the State to what he testified on his direct or redirect examination.

The constable, Butts, testified for the State that appellant had the reputation of selling whisky. That appellant had a dance hall which he ran up to a short time ago and frequently had dances there and kept people awake all over the neighborhood; "the character of people who generally stay around there are common prostitutes, and they have had several fights down there," and had heard complaints about cursing and disturbances and shooting and drunkenness there, and his wife had paid some fines. On cross-examination by appellant, the witness testified, that appellant out there one night broke his wife's arm and she shot at him, and the witness put him under bond for that.

Dr. Francis for the State testified that appellant had the reputation of selling whisky, and "he runs a pretty noisy house; there has been considerable cursing and swearing, whooping and holloing along in the middle of the night from his place."

The county attorney, Taylor, for the State, testified, that he and appellant lived about a block apart, and he, the witness, knew what kind of place appellant runs down there from its reputation; that there were quite a number of public gatherings around appellant's dance hall, the crowds have been boisterous there sometimes, and appellant's reputation was that of a bootlegger, and that he heard he sold whisky to the crowds at the dance hall when he gave those dances, and he understood that is what he gave the dances for, so as to be able to sell whisky. That a good many complaints had been filed about drunk people being around appellant's place—some kind of disturbance occurred down there every two or three weeks; "for a while back I think he has kept open house down there two nights in the week." That appellant had been indicted in the County Court for selling whisky—he knew of one case, and possibly two others, but he had not been tried. That it was hard to convict for bootlegging; usually somebody had to be hired to catch them—that where the bootleggers sell whisky, they usually have particular or special parties to sell it to, and it is a hard matter for an outsider to get it.

Other witnesses testified appellant had the reputation of being a bootlegger.

His bill No. 2, after giving the style and number of the case and court, merely states that on the trial "The district attorney asked witness F. A. Taylor, and others, State witnesses, to state whether or not that the defendant was engaged in running a dance hall, and if there was much noise at said dance hall, and that people were seen in the streets near the dance hall under the influence of whisky, and if the defendant did not have a band to play for said dance, which would keep

the neighbors awake at night, and that the defendant had the reputation of being a bootlegger. The defendant objected to said questions for the following reasons: First, that it was not competent and legal testimony, and could not be used for any purpose, and would be highly prejudicial to the rights of the defendant in the case. Second, that it called for a conclusion of the witnesses that the defendant had the reputation of being a bootlegger, which was highly prejudicial to the rights of the defendant, especially on his plea for a suspended sentence. The court overruled the objections of the defendant and allowed F. A. Taylor and other State witnesses to testify that defendant was engaged in running a dance hall, and there was much noise at times at said dance hall, and that people were seen in the streets near the dance hall under the influence of whisky, and that the defendant had a band to play for said dance, which would keep the neighbors awake at night, and that the defendant had the reputation of being a bootlegger, to which action of the court the defendant then and there excepted." This is the full bill. The judge qualified it, stating, this testimony was admitted on the issue of suspended sentence.

The judge charged the jury that all testimony as to other indictments and charges against defendant, and his general reputation for selling whisky, was admitted only for the purpose to enable them to pass on the question of whether or not they would suspend his sentence, and for no other purpose. No objection was made to this part, or any other part, of the charge.

The statute on suspended sentence expressly prescribes that when an accused, by proper plea in time, applies for a suspension of sentence, if convicted, "the court shall permit testimony, and submit the question (to the jury), as to the general reputation of defendant to enable the jury to determine whether to recommend the suspension of sentence." (Sec. 2, Act approved February 11, 1913, p. 8.)

This court has thoroughly considered this statute and construed it in several opinions, and in Williamson v. State, 74 Texas Crim. Rep., 289, 167 S. W. Rep., 360, held, that when a defendant pleads for a suspension of his sentence, "he puts his reputation in issue, and any legitimate testimony bearing on that issue becomes admissible, and by filing such plea, he opens the door for testimony bearing on his reputation." "And when he files a plea asking a suspension of sentence, this in and of itself puts in issue his reputation as a peaceable, law-abiding citizen, and any evidence which tends to show that he is not entitled to such reputation is admissible in evidence. The fact that one has theretofore been convicted of a felony bars him from availing himself of the plea, but the fact that he has not before that time been convicted of a felony does not in and of itself entitle one to a suspension of sentence; it authorizes him to enter the plea, and if his reputation theretofore is shown to be such that the best interests and welfare of the State will not suffer by suspending the sentence, and is such that hope can be entertained of his reformation by extending this clemency, it may be done. But if his reputation, the life he has

lived, is such there is but little or no hope of reformation, without his being compelled to undergo punishment, and that the best interests of society demand his imprisonment, the punishment should not be suspended. This, as we understand it, is the object and purpose of the law, and when one elects to file this plea asking for clemency, if found guilty, the law puts in issue his past reputation, and evidence of the character of life he has lived in the past is admissible to enable the jury to determine whether or not the clemency should be extended." And we also expressly held therein, that testimony to the effect that the accused had been arrested three or four times on misdemeanor charges, not involving moral turpitude, and had been in jail two or three times, was admissible on this issue. See also Martoni v. State, 74 Texas Crim. Rep., 91, 167 S. W. Rep., 349; Conaster v. State, 75 Texas Crim. Rep., 91, 170 S. W. Rep., 314, to the same effect, and in both these cases said Williamson case was cited and approved. In the Martoni case, on this issue, we held testimony that the defendant therein had been indicted for bootlegging, and that he had a United States internal revenue license to sell liquor, was admissible. And in the Conaster case we held testimony that the defendant therein ran an assignation house, was admissible on said issue.

Now, his bill shows his objections were to certain *questions*, because (1) it was not competent and legal testimony, and could not be used for any purpose; and (2) that he had the reputation of a bootlegger, called for a conclusion of the witness. It is well established in this State, that where more than one, or several, items of testimony is objected to as a whole, and a part of which is admissible and other parts not, it is not reversible error to overrule such objection; and that where testimony is admissible for some purpose, it is not error to admit it over a general objection that it is incompetent and illegal. (Ortiz v. State, 68 Texas Crim. Rep., 524, and authorities therein cited.) In this case appellant's objections were to all said testimony shown by the bill generally, and in a lump. Undoubtedly, that part of the testimony, in substance, that at his dance hall run by him, there was much noise made by the parties there—cursing and swearing and whooping and "hollering," in the middle of the night, and that the people attending his dances were seen in the streets near his hall under the influence of whisky, was clearly admissible, as tending to prove the case against him. (Pike v. State, 40 Texas Crim. Rep., 613; Sasser v. State, 166 S. W. Rep., 1160. See also Wagner v. State, 53 Texas Crim. Rep., 506; Myers v. State, 56 Texas Crim. Rep., 223.)

There is another well established rule; that even the erroneous admission of testimony is not cause for reversal, if the same fact is proven by other evidence not objected to. (Wagner v. State, 53 Texas Crim. Rep., 306; Tinker v. State, 77 Texas Crim. Rep., 506, 179 S. W. Rep., 572, and a large number of other cases.) While appellant was on the stand for himself, and before the State introduced any testimony on his plea for a suspended sentence, he swore that he bore the reputation of selling whisky—which, of course, in prohibition territory

means a bootlegger, and is so understood and commonly designated. So that he himself, having so testified, without any objection whatever, the same testimony by others over his objections, would present no error, even if inadmissible. Of course, such testimony would not be a conclusion but a fact anyway.

In no event does his bill present reversible error.

In his brief he severely attacks one of the State's material witnesses as unworthy of belief, etc. But this was exclusively for the jury and trial judge. There being no reversible error, the judgment will be affirmed.

*Affirmed.*

[Rehearing denied April 26, 1916.—Reporter.]