## GEORGIA WILLIAMS v. THE STATE.

### No. 4693. Decided February 13, 1918.

**1.—Murder—Sufficiency of the Evidence.**

Where, upon trial of murder, the evidence, although conflicting, was sufficient to sustain the conviction, there was no reversible error.

**2.—Same—Suspended Sentence—Evidence.**

Where, upon trial of murder, the defendant pleaded for suspended sentence and testified that she had never been convicted of a felony, there was no error in admitting testimony which tended to show that she was not a peaceable law-abiding citizen by showing various arrests of her for misdemeanors and her general reputation for law and order, and that the same was bad. Following Williamson v. State, 74 Texas Crim. Rep., 289.

**3.—Same—Rule Stated—Suspended Sentence.**

When defendant pleads a suspension of sentence, evidence is admissible which tends to show that he is not a peaceable law-abiding citizen, even if such acts are not felonies or do not involve moral turpitude. Following Martoni v. State, 74 Texas Crim. Rep., 90, and other cases. Besides such testimony was withdrawn by the court.

**4.—Same—Rule Stated—Suspended Sentence.**

It is the character of the accused at the time of the trial which is under investigation, and proof is admissible as to what it is at, as well as before, the time of the trial.

**5.—Same—Evidence—Rebuttal—Practice in District Court.**

Where, upon trial of murder, a certain witness for the State testified that he was at a certain point where he could see defendant just before she went across the street and killed deceased, and that he saw her holding a pistol

in her hand behind her, whereupon defendant introduced testimony that defendant could not have been seen with said pistol by said witness, there was no error in permitting the State to show in rebuttal that during the recess of the court the county attorney and said State's witness and others went on the ground and said witness pointed out to them where he saw defendant with the pistol, and that she could have been seen as testified to by said State's witness. Following Barnett v. State, 76 Texas Crim. Rep., 555, and other cases. Distinguishing Riggins v. State, 42 Texas Crim. Rep., 472.

#### 6.—Same—Self-defense—Right of Going Armed—Charge of Court—Rule Stated.

The law is settled that if the court in its charge does not limit the accused's right of self-defense by a charge on provoking a difficulty, or otherwise, but submits his right of self-defense on every defensive theory, it is not error to refuse to charge on his right to arm himself and seek an explanation. Besides, the court submitted such charge. Following Williford v. State, 38 Texas Crim. Rep., 393, and other cases.

#### 7.—Same—Newly Discovered Evidence—Practice on Appeal.

Where the bill giving the alleged newly discovered evidence on motion for new trial was filed long after the court adjourned for the term, the same can not be considered on appeal. Following Reyes v. State, 81 Texas Crim. Rep., 588, 196 S. W. Rep., and other cases. Besides, such alleged newly discovered evidence was either accessible at the time of the trial or was of impeaching character.

Appeal from the District Court of McLennan.    Tried below before the Hon. Richard I. Munroe.

Appeal from a conviction of murder; penalty, ten years imprisonment in the penitentiary.

The opinion states the case.

*J. W. Taylor* and *Forrester & Stanford,* for appellant.—On question of suspended sentence: Fossett v. State, 41 Texas Crim. Rep., 400; Williamson v. State, 74 Texas Crim. Rep., 289, 167 S. W. Rep., 360; Caruth v. State, 77 Texas Crim. Rep., 150, 177 S. W. Rep., 973.

On question of admitting evidence as to location of defendant: Riggins v. State, 42 Texas Crim. Rep., 472.

On question of court's charge on self-defense: Nix v. State, 45 Texas Crim. Rep., 504; Borden v. State, 42 id., 648; King v. State, 51 id., 208; Shannon v. State, 35 id., 2; Schauer v. State, 60 S. W. Rep., 249; Duke v. State, 61 Texas Crim. Rep., 19, 133 S. W. Rep., 432.

On question of newly discovered evidence: Owens v. State, 35 Texas Crim. Rep., 345.

*E. B. Hendricks,* Assistant Attorney General, for the State.—Cited cases in opinion.

PRENDERGAST, JUDGE.—Appellant was convicted of murder and her punishment assessed at ten years.

Without doubt, the evidence was amply sufficient to sustain the verdict.    She claimed she killed deceased in her self-defense.    Her testi-

mony, supported by some of her witnesses, would have been sufficient, if believed, to have shown she killed deceased in self-defense. On the other hand, the testimony by the State was sufficient to show she did not kill deceased in self-defense, but killed her because of her malice aforethought against her. The jury and trial judge believed the State's case, and did not believe hers.

She pleaded for a suspended sentence, and in her direct evidence, to establish her right, and get a suspended sentence, testified, "I have never been convicted of a penitentiary offense in my life."

The State opposed her getting a suspended sentence. It was, therefore, not only its privilege, but its duty, to introduce whatever proper evidence within its reach to prevent her from getting a suspended sentence. The State thereupon introduced several witnesses who testified, over her objections, to various arrests of her for misdemeanors committed by her, and court records showing she had recently pleaded guilty to some of them, and to her general bad reputation, etc. She preserved bills of exception to the introduction of all this evidence. It is unnecessary to take them up separately. They all raise substantially the same question.

The very statute which authorizes a suspended sentence and a plea therefor (Act of 1913, p. 8, 2 Vernon's Crim. Stats., arts. 865b and 865c) expressly authorizes proof of the reputation of such defendant who undertakes to get a suspended sentence. Very soon after the enactment of this law, it was construed by this court. Since then many other cases have been decided, all uniformly to the same effect. One of the first cases was Williamson v. State, 74 Texas Crim. Rep., 289, 167 S. W. Rep., 360. Therein it was held, that when a defendant files a plea for suspended sentence, "this in itself puts in issue his reputation as a peaceable, law-abiding citizen, and any evidence which tends to show that he is not entitled to such reputation, is admissible in evidence." And when he files "a plea asking a suspension of sentence, then evidence which tends to show that he is not a peaceable, law-abiding citizen may be adduced on cross-examination of his witnesses, and may be adduced even though such acts are not felonies, or do not involve moral turpitude."

This construction of this law has ever since then been adhered to and reiterated in every case when the question has been raised. Some of them are here collated. Martoni v. State, 75 Texas Crim. Rep., 90, 167 S. W. Rep., 349; Conaster v. State, 75 Texas Crim. Rep., 91, 170 S. W. Rep., 314; Backus v. State, 77 Texas Crim. Rep., 653, 179 S. W. Rep., 1166; Casey v. State, 78 Texas Crim. Rep., 174, 180 S. W. Rep., 673; Medlock v. State, 185 S. W. Rep., 566; House v. State, 189 S. W. Rep., 488; Holland v. State, 189 S. W. Rep., 944; Waters v. State, 196 S. W. Rep., 536. So that the evidence objected to was admissible as the issues stood at the time, and the objections to proceedings inci-

dental thereto show no error. But the judge in explanation of the bills shows that after all the evidence was in as it was determined he would not submit manslaughter or suspended sentence, all said evidence was withdrawn from the jury and they were instructed they could not consider any of it for any purpose whatsoever, in a special charge requested by appellant.

In the Martoni case, supra, it was held that even if such evidence had been inadmissible originally, when it was thus withdrawn in such a charge, the error of its admission presented no error. The authorities so establishing were cited, and discussed at length.

Also in the Waters and Holland cases, supra, when such plea for suspended sentence had been filed, and such testimony admitted over objections, and later it was determined by the judge not to submit the issue to the jury and the judge then withdrew the evidence from the jury and told them not to consider it, was held the proper course to pursue and no error was thereby presented.

On the question of suspended sentence it is the character of the accused at the time of the trial which is under investigation. Hence such evidence is not restricted to what it was before the offense was committed, but proof is admissible as to what it is at, as well as before, the time of the trial; and such proof can be made by the accused as well as any other witness who may know the facts.

Mr. T. J. Hall was an important witness for the State, and among other things, testified in substance, that he was at a certain point and from there he could see appellant on her gallery, and just before she went across the street and shot and killed deceased, he did see her there holding a pistol in her hand behind her. Appellant attacked Mr. Hall and this testimony by him by having other witnesses go on the ground after he testified, where they claimed Mr. Hall said he was, and that they experimented by looking therefrom and said, in effect, appellant could not have been seen with a pistol as Mr. Hall said he saw her. At the noon recess while the case was on trial, the county attorney had Mr. Hall to go with him and other witnesses on the ground and point out to them exactly where he was and where appellant was with the pistol, and they testified that appellant could have been so seen from where Mr. Hall was. Mr. Hall swore he pointed out the exact locations he and appellant were when he swore he saw her with the pistol. All this testimony was admissible as has all the time been held by this court. Barnett v. State, 76 Texas Crim. Rep., 555; Weaver v. State, 43 Texas Crim. Rep., 340; see also Carter v. State, 39 Texas Crim. Rep., 345; Rodriquez v. State, 32 Texas Crim. Rep., 259, and cases cited therein; Pinkerton v. State, 71 Texas Crim. Rep., 195; Batson v. State, 36 Texas Crim. Rep., 606; Neely v. State, 56 S. W. Rep., 625; Matthews v. Thatcher, 76 S. W. Rep., 61; R. R. v. Alexander, 53 Texas

Civil App., 125, 115 S. W. Rep., 648; Hart v. R. R., 12 A. & E. Ann. Cases, 706, and note.

The case of Riggins v. State, 42 Texas Crim. Rep., 472, cited by appellant is not applicable. In that case the jury was permitted to go on the ground and make their own observations, and act on them, instead of witnesses doing so and testifying.

The court, in the main charge, together with those given as requested by appellant, gave a full and fair charge in appellant's favor on self-defense, both from real and apparent danger, and on threats both communicated and uncommunicated, and sufficiently applied the law to the evidence. He did not err in refusing special charge No. 5 on the subject, requested by appellant. The court refused to give it as shown by the qualification of appellant's bill, on the ground, "that the court gave a charge on threats, both communicated and uncommunicated, and gave, as stated, a charge on the right of defendant to arm herself. In the court's opinion, the special charge No. 5 was defective in law and did not fit the facts." There was no error in refusing to give said charge.

In Crippen v. State. 80 Texas Crim. Rep., 293, 189 S. W. Rep., 496, it was held:

"The law is settled that if the court in his charge does not limit the accused's right of self-defense by a charge on provoking the difficulty, or otherwise, but submits his right of self-defense on every defensive theory, it is not error to refuse to charge on his right to arm himself and seek an explanation. Williford v. State, 38 Texas Crim. Rep., 393, 42 S. W. Rep., 972; Harrelson v. State, 60 Texas Crim. Rep., 534, 132 S. W. Rep., 783; Holmes v. State, 69 Texas Crim. Rep., 588, 155 S. W. Rep., 205; Fox v. State, 71 Texas Crim. Rep., 318, 158 S. W. Rep., 1141; Strickland v. State, 71 Texas Crim. Rep., 582, 161 S. W. Rep., 110; Carey v. State, 74 Texas Crim. Rep., 112, 167 S. W. Rep., 366; Ford v. State, 77 Texas Crim. Rep., 252, 177 S. W. Rep., 1176." The court in no way limited appellant's claimed self-defense.

Appellant contends the court erred in refusing a new trial on the ground of her claimed newly discovered evidence. It is unnecessary to go into any detail of this matter. The bill giving the evidence heard on this motion was filed long after the court adjourned for the term, and can not be considered. Reyes v. State, 81 Texas Crim. Rep., 588, 196 S. W. Rep., 532. But even if it could be, the claimed evidence of Fannie Calhound, Watson and Williams was not and could not have been newly discovered in law. But if that as to the State's witness Fannie Calhound could be so considered wholly to impeach her it was largely for that purpose. In allowing the bill the court qualified it as follows: "The trial of the case lasted three days. Mr. Hall was the first witness used by the State and Fannie Calhound was used before the State rested, on the afternoon of the first day. Mr. J. A. Stanford, law partner of W. H. Forrester and one of the attorneys of record for

the defendant, was the first witness to bring in question the possibility of seeing a person on Georgia Williams' gallery from where the witness Hall stood. J. W. Watson and H. D. Williams could have inspected the ground after Hall testified just as Stanford did, and testified before the conclusion of the trial. The newly discovered evidence as to Fannie Calhound's residence came from parties living in the immediate neighborhood, who were readily accessible at the time of the trial. The killing occurred nearly two years ago and it is probable they are mistaken. Besides their testimony is of an impeaching character. Moreover, the witness Hall testified he was standing somewhere about the sidewalk and not on the sidewalk, as defendant claims in this bill."

No error is shown by this bill.

The judgment is affirmed.

*Affirmed.*