HENRY STRICKLAND v. THE STATE.

No. 2662.  Decided November 5, 1913.

Rehearing denied December 3, 1913.

**1.—Murder—Evidence—Opinion of Witness.**

Upon trial of murder and a conviction of manslaughter, there was no error in permitting a State's witness to testify, after stating in what direction the horse of the deceased was traveling when near a certain pine tree, that this would put

the left side of a man riding towards the pine tree; this was not the opinion of the witness under the facts of the instant case.

### 2.—Same—Evidence—Self-Serving Declarations.

Upon trial of murder, there was no error in refusing to admit in evidence a self-serving declaration by the defendant made before the homicide.

### 3.—Same—Explanation—Charge of Court.

Upon trial of murder and a conviction of manslaughter, there was no error in refusing a requested charge that defendant had the right to seek the deceased and demand an explanation of the remarks the latter had made in regard to defendant and his sister-in-law, etc., as the evidence showed that defendant's meeting with the deceased at the time of the homicide was purely accidental; besides, the court sufficiently charged on this issue.

### 4.—Same—Provoking the Difficulty—Self-Defense—Charge of Court.

Where, upon trial of murder, the court did not charge on provoking the difficulty, but gave a full and unrestricted charge on the issue of self-defense, there was no error in refusing the defendant's requested charge on this subject.

### 5.—Same—Reputation of Witness—Charge of Court.

Where, upon trial of murder, the reputation for virtue and chastity of a certain witness had not been offered and the same came into the case only incidentally, there was no error in the court's refusal of defendant's special charge thereon.

### 6.—Same—Circumstantial Evidence—Charge of Court.

Where, upon trial of murder and a conviction of manslaughter, the State's case did not depend wholly upon circumstantial evidence, there was no error in the court's failure to charge thereon.

### 7.—Same—Evidence—Bills of Exception.

In the absence of bills of exception, the question of the admissibility of certain testimony can not be considered on appeal.

### 8.—Same—Argument of Counsel.

Where the alleged remarks of the State's counsel were not such as to call for a reversal of the case, in the absence of requested instructions, there was no error.

Appeal from the District Court of Houston. Tried below before the Hon. John S. Prince.

Appeal from a conviction of manslaughter; penalty, five years imprisonment in the penitentiary.

The evidence shows that the defendant had heard of some derogatory statement which the deceased and one Welsh should have made about defendant and his sister-in-law; that defendant called on said Welsh with reference to said statements who denied having made them, whereupon defendant insisted that he should go with him to his uncle, the father of the deceased, and deny the same in his presence; that said Welsh consented and they proceeded towards said uncle's house, but stopped within a short distance thereof, when defendant proceeded to his said uncle's house for the purpose of bringing him to said Welsh; that he did not find his uncle at home, and was told that the deceased was plowing in a field a short distance from the house; that defendant, in returning to the said Welsh, accidentally met the deceased, when

the homicide occurred; that there were no other eyewitnesses present, but that the shots were heard, and defendant shortly thereafter was met by some of the State's witnesses to whom he stated that he had killed deceased, but that he had it to do, etc.

The defendant claimed self-defense, while the State insisted upon an unlawful killing.

*J. V. Lea* and *J. M. Hansbro* and *Adams & Young,* for appellant.— On question of court's failure to charge an explanation: Melton v. State, 47 Texas Crim. Rep., 451; Hooper v. State, 44 id., 125; Gonzales v. State, 28 Texas Crim. App., 130; West v. State, 2 id., 460.

On question of argument of State's counsel: Davis v. State, 54 Texas Crim. Rep., 236; Wright v. State, 36 id., 427; Bearden v. State, 46 id., 144; Exon v. State, 33 id., 461; Fuller v. State, 30 Texas Crim. App., 559; Smith v. State, 55 Texas Crim. Rep., 563.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was indicted for murder, and when tried convicted of manslaughter from which judgment he prosecutes this appeal.

There are two bills of exceptions in the record in regard to the introduction of testimony, one to the action of the court in permitting the witness S. F. Fain to testify, after testifying in what direction the deceased's horse was traveling when near a certain pine tree, that this would put the left side of a man, riding towards the pine tree. This it is claimed is an opinion of the witness, based on a hypothetical question. The witness saw the tracks on the ground and, of course, could tell as a fact the direction in which the horse was traveling, and it would also be a fact within his knowledge, as to which side of a man would be towards a given object on the ground, if he was riding the horse. The body of deceased is shown to have fallen on the ground some forty steps from where the horse turned near this tree, and, under the facts of this case, the court ruled correctly in admitting the testimony.

The other bill relates to the exclusion of certain testimony. Appellant testified that Andrew Dawson had told him the day of the killing, of certain derogatory remarks deceased made in regard to appellant and his sister-in-law, Miss Bertha Dawson, charging them with improper conduct. When his witness Berry Welch was on the stand, he desired to prove by Welch that he (appellant) had told Welch about the matter a short time before the killing. This would be but a self-serving declaration, made before the homicide, and the court correctly held that any testimony tending to show that appellant had been so informed, would be admissible, but not what appellant said to some third person he had been told.

The appellant requested the court to instruct the jury that appellant

had the right to seek deceased, and demand an explanation of the remarks he had heard deceased had made in regard to him and his sister-in-law, and if he anticipated danger, he had the right to arm himself. In some cases, under the facts in those cases, it has been held that such a charge should be given. But not under evidence similar to that adduced on this trial. Appellant does not claim that he armed himself, and went in search of deceased to ask for an explanation of the remarks deceased had made. His testimony is that he went to see Berry Welch about remarks he was informed Welch made, and when Welch denied making such remarks, that as he had been informed by his Uncle Charlie Williamson that Welch had made such remarks, he and Welch went to see his Uncle Charlie in regard to the matter. Welch and appellant both so testify, and appellant further testified: "I was not expecting to meet Pack (deceased) there at that time, and we were within a few steps of one another when I first seen him." In no syllable of appellant's testimony is there a suggestion that he was on his way to see Pack to demand an explanation of him, but his whole testimony is that he went to see Welch and demanded an explanation of him, and then was on his way to have Welch and his Uncle Charlie face each other about the remarks he had heard. So, under the testimony, this charge was not called for, and there was no error in refusing it. Appellant shows by his testimony, if true, that his meeting with deceased was purely accidental. However, if he had testified that he had gone to see deceased to demand an explanation, and the shooting occurred in consequence, the court did charge the jury: "The defendant had the right, under the evidence in this case, to arm himself with a pistol, if he thought himself in danger, when demanding an explanation of all persons that he believed had reflected on the character of his sister-in-law." In the case of Williford v. State, 36 Texas Crim. Rep., 414, it was held by this court that it is only when the court limits the defendant's right of self-defense by instructing the jury on the issue of provoking the difficulty, that it is necessary to give a charge of the character requested by appellant. In this case the court did not charge on provoking the difficulty, but gave a full and unrestricted charge on the issue of self-defense, telling the jury:

"Upon the law of self-defense you are instructed that if from the acts of said Paschal Williamson, or from his words coupled with his acts, there was created in the mind of the defendant a reasonable apprehension that he (the defendant) was in danger of losing his life or of suffering serious bodily harm at the hands of said Paschal Williamson, then the defendant had the right to defend himself from such danger or apparent danger as it reasonably appeared to him at the time, viewed from his standpoint. And a party so unlawfully attacked is not bound to retreat in order to avoid the necessity of killing his assailant.

"It is not necessary to the right of self-defense that the danger should in fact exist; if it reasonably appears from the circumstances of the

case that danger exists the person threatened with such apparent danger has the same right to defend against it, and to the same extent that he would have were the danger real. And to determine whether or not there was reason to believe that danger did exist, the appearances must be viewed from the standpoint of the person who acted upon them and from no other standpoint.

"Now, if you believe that the defendant shot and thereby killed Paschal Williamson as a means of defense, believing at the time he did so (if he did so) that he was in danger of losing his life or of serious bodily injury at the hands of said Paschal Williamson then you will acquit the defendant." Having instructed the jury as he did in his main charge there was no error in refusing this special charge.

Again, as the reputation of Miss Bertha Dawson was not made an issue in the case it was not necessary to give the special charge requested by appellant that as "the defendant in this case put in issue by its evidence the reputation for virtue and chastity of Bertha Dawson, the State had the right also to offer evidence on this issue in rebuttal of defendant's evidence." The defendant offered no evidence that the reputation of Miss Bertha Dawson was good, and the State offered none that it was bad. The only way this came in the case was that appellant said deceased had made slighting remarks in regard to her virtue; that he heard that Welch had also made such remarks, which Welch denied; that his Uncle Charlie said Welch had so stated. Dr. Tinsley said that deceased had told him that there were reports out about the conduct of appellant and Miss Bertha and requested him to so inform appellant. Appellant denied that there were any grounds for such reports, and so far as this record discloses there were no such grounds, but this was not putting her reputation in issue, until some testimony was offered that her reputation was either good or bad, and no such testimony was offered by either side; consequently, there was no occasion to give the special charge requested.

Appellant contends that as defendant testified he shot deceased in self-defense, and he being the only eyewitness, necessarily the State depended on circumstantial evidence to prove that the shooting was not done in defense of his person, such as that deceased was shot in the back, etc. This doubtless is true, that the State depended wholly upon circumstantial evidence to prove that appellant was not justified in slaying the deceased, but when appellant took the stand and admitted he did the killing, and Mrs. Cornett and others testified he admitted to them he had shot the deceased, it was no longer a case depending wholly upon circumstantial evidence, and such criticism of the charge is without merit. Branch's Crim. Law, sec. 203, and cases there cited.

There are several grounds in the motion, complaining of the admissibility of certain testimony, but as no bills of exception were reserved, at least none being in the record, these questions are not presented in a way we can review them.

There are several complaints in the motion for new trial in regard

to the alleged remarks of the district attorney, but as the fact that he made such remarks is not verified by a bill of exceptions we are not authorized to review these remarks. The only instance where a bill is reserved is the one that says: "The district attorney, in his closing argument, argued that the letter written by Paschal Williamson to Bertha Dawson was not genuine, but was fixed up by defendant," to which argument defendant objected, because there was no testimony that the letter was not genuine. Perhaps this deduction was drawn by the district attorney from the fact that appellant alone testified in regard to the letter, and the person to whom it was addressed and who is alleged to have received it, although in attendance on court, was not placed on the stand to prove that she did receive such a letter. Anyway, as appellant requested no special charge in regard to this matter, it would not be such error as to call for a reversal of the case.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied December 3, 1913.—Reporter.]