SHELBY FORD v. THE STATE.

No. 3646.   Decided June 23, 1915.

1.—Murder—Sufficiency of the Evidence.

Where, upon trial of murder, the evidence sustained the conviction under a proper charge of the court, there was no reversible error.

2.—Same—Charge of Court—Right of Going Armed—Self-defense.

Where, upon trial of murder, the court, in his charge, did not limit defendant's right of self-defense, there was no error in refusing a requested charge to the effect that defendant had the right to arm himself and seek a peaceable settlement with deceased. Following Williford v. State, 38 Texas Crim. Rep., 393.

3.—Same—Charge of Court—Provoking Difficulty.

Where, upon trial of murder, the court did not limit defendant's right of self-defense by a charge on provoking the difficulty, there was no error in refusing a requested charge that defendant had the right of going armed and seek a peaceable settlement with deceased. Following Fox v. State, 71 Texas Crim. Rep., 318, and other cases.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. Robt. B. Seay.

Appeal from a conviction of murder; penalty, forty-five years confinement in the penitentiary.

The opinion states the case.

No brief on file for appellant.

C. C. McDonald, Assistant Attorney General, for the State.—Cited cases in the opinion.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted of murder, the jury assessing forty-five years in the penitentiary as his punishment.

There is no bill of exceptions in the record. We have carefully read the evidence and from the State's side, by several witnesses, the offense of murder is unquestionably shown to have been committed, as charged in the indictment, by appellant. We deem it unnecessary to recite the evidence.

The appellant requested the court to charge that he had the right to approach deceased and demand a peaceable settlement of their difference and if he had reason to believe and did believe that deceased might make an unreasonable attack upon him, or attempt to carry out his threat to kill him, he had the right to arm himself and thus seek the appellant. The court refused this charge, stating as his reasons for refusal, the following: "First, because the court in the general charge 'does not limit defendant's right of self-defense by any charge on provoking the difficulty, but gives him the perfect right of self-defense on every defensive theory.' See Branch's Crim. Law, p. 442; Williford case, 38 Texas Crim. Rep., 393. Second, because such a charge

in the shape requested by defendant should not be given when the undisputed evidence shows that the defendant had shot and killed one of deceased's sons, had shot another son of the deceased and put out both his eyes, that the deceased had shot the defendant in the face and put out his eye and that defendant had shot at deceased and thought he had wounded him, and so believed until the defendant shot and killed the deceased; and when the undisputed evidence by both sides shows that when the defendant caught sight of deceased on the highway, he went for his gun, loaded it with buckshot and pursued deceased until he, as claimed by defendant, turned and faced his pursuer (if he did so) or put his hand in his pocket while thus pursued by defendant, and defendant thereupon killed him. To give such a charge when the court had not charged on defendant's provoking the difficulty, or producing the occasion, but on the other hand gave him the perfect, unlimited right of self-defense on his own theory; to have given him this charge would be inexcusable."

The court's action was correct as has been repeatedly and uniformly held by this court. Williford v. State, 38 Texas Crim. Rep., 393; Fox v. State, 71 Texas Crim. Rep., 318, 154 S. W. Rep., 1143; Carey v. State, 74 Texas Crim. Rep., 112, 167 S. W. Rep., 366.

The judgment is affirmed.

*Affirmed.*