BLUETT MARSHALL v. THE STATE.

No. 4206.   Decided November 1, 1916.

Rehearing overruled November 29, 1916.

**1.—Murder—Self-defense—Charge of Court.**

Where, upon trial and conviction of murder, the defendant claimed self-defense, and the testimony in behalf of the State showed a most horrible murder, and the court submitted the issue of murder and manslaughter, and besides sub-

mitted the issue of self-defense in the most comprehensive and complete way in defendant's behalf it could well have been done, and also submitted a requested charge thereon and only refused such requested charges which were covered by the court's main charge, or not applicable, there was no reversible error.

### 2.—Same—Right to Go Armed—Charge of Court.

Where, upon trial of murder, the evidence did not raise the issue of defendant's right to carry his gun with him for the purpose of defending himself, etc., there was no error in the court's refusal to submit a requested charge thereon, nor in refusing other requested charges which could not and would not have been of any service to the jury to solve the question submitted.

### 3.—Same—Defendant's Right to Arm Himself—Provoking Difficulty—Charge of Court.

Where, upon trial of murder, the charge of the court submitted defendant's claim of self-defense most fully and completely from all standpoints, and in no way limited his right of self-defense by a charge on provoking the difficulty, or otherwise, there was no error in his refusal to submit a requested charge on the defendant's right to arm himself.

### 4.—Same—Rule Stated—Self-defense—Right of Going Armed.

If the trial court does not limit defendant's right of self-defense by a charge on provoking the difficulty, or otherwise, but gives him the perfect right of self-defense on every defensive theory, it is not error to refuse to charge on his right to arm himself and seek an explanation. Following Williford v. State, 38 Texas Crim. Rep., 393, and other cases.

Appeal from the District Court of Angelina. Tried below before the Hon. L. D. Guinn.

Appeal from a conviction of murder; penalty, eight years imprisonment in the penitentiary.

The opinion states the case.

*W. J. Townsend, Jr.,* and *I. D. Fairchild,* for appellant.—On question of self-defense: Edwards v. State, 5 Texas Crim. App., 593; Harris v. State, 8 id., 90; Gonzales v. State, 28 id., 130; Tillery v. State, 24 id., 251; Reed v. State, 32 Texas Crim. Rep., 25; Mewcomb v. State, 49 id., 550; Snowberger v. State, 58 Texas Crim. Rep., 530, 126 S. W. Rep., 878.

On question of right of going armed: Nix v. State, 45 Texas Crim. Rep., 504; Borden v. State, 42 id., 648; Sanders v. State, 83 S. W. Rep., 712; Schauer v. State, 60 id., 249; Duke v. State, 61 Texas Crim. Rep., 19; Keith v. State, 50 id., 63; Mitchell v. State, 50 id., 180; Quinn v. State, 50 id., 209; Shannon v. State 28 S. W. Rep., 687.

*C. C. McDonald,* Assistant Attorney General, for the State.

PRENDERGAST, Presiding Judge.—This is an appeal from a conviction for murder with eight years assessed as the penalty. It is the second appeal. The first is reported in 76 Texas Crim. Rep., 386, 175 S. W. Rep., 154.

Appellant's defense was claimed self-defense. The court in a correct and full charge submitted the issue of murder. No complaint is

made of the court's charge on that issue. He also submitted the issue of manslaughter in every phase that the evidence suggested. There was no complaint to the court's charge on that issue.

The testimony on behalf of the State showed a most horrible murder. It is unnecessary to detail the testimony. By his testimony appellant raised the issue of self-defense. We think the court's charge in submitting that issue did so in the most comprehensive and complete way in appellant's behalf that could well have been done. The judge, in the main charge, instructed the jury:

"Homicide, which means the killing of one person by another, is justifiable when committed in self-defense. If you find from the evidence, beyond a reasonable doubt, in this case, that the defendant killed said Westmoreland, about the time charged in the indictment, and by the means charged in the indictment, he would be justifiable if he did so to prevent Westmoreland from killing him, the defendant, or inflicting serious bodily injury on him, if it reasonably appeared by the acts of said Westmoreland or by the words of the said Westmoreland, coupled with his acts, at the time of such killing, if any, that it was the purpose and intention of the said Virgil Westmoreland to kill the defendant or to inflict on him some serious bodily injury, you will acquit the defendant.

"The defendant would be justifiable in killing the said Westmoreland, if he did so, if the said Westmoreland was attempting to cut the said defendant with a knife, and to prevent the said Westmoreland from cutting or inflicting on the defendant death or serious bodily injury, the defendant shot and killed the said Westmoreland, you will acquit the defendant.

"In passing on the question of self-defense, the jury can take into consideration all acts of the said Westmoreland, if any, done at the time of such killing, and any and all words spoken by him, if any, and, in fact, all of the facts and circumstances in evidence, transpiring at the time, or immediately before, and said acts and circumstances are to be viewed from the defendant's standpoint; and if it reasonably appeared to the defendant's mind, viewed from his standpoint, that it was the purpose and intent of the deceased to kill or inflict on him, the defendant, some serious bodily harm, the defendant had a right, in law, to act on such danger or apparent danger, if any, the same as it reasonably appeared to the defendant, at the time, and the defendant would have the same right to act on the appearance of danger, as though the danger were real.

"The defendant was not bound to retreat to avoid the necessity of killing the deceased.

"If you should find from the evidence, or believe from the evidence, that the defendant's life was not in danger, or that he was not in danger of serious bodily injury from the deceased, Westmoreland, you are instructed that the defendant had the same right to act on the appearance of danger as if the danger had been, in fact, real; if it

reasonably appeared to the defendant, as viewed from his standpoint, that the danger was real.

"When a homicide takes place to prevent death or the infliction of serious bódily injury, the weapon, if any, or means, if any, used by the deceased, on the occasion of the homicide was such as would have been calculated to have produced death or serious bodily injury, the law presumes that the person so .using said weapon, if any, designed to inflict death or serious bodily injury on the defendant. A deadly weapon is one that is calculated to produce death or serious bodily injury in the manner in which the same is used.

"If you have a reasonable doubt as to whether ·or not the defendant acted in self-defense, you will give the defendant the benefit of such doubt, and acquit him."

In addition, the judge gave appellant's special charge, as follows:

"You are further instructed that in determining the existence of actual or apparent danger, you are to view the facts of the case from the standpoint of the defendant, at the time of the killing, taking into consideration the threats made by deceased, against defendant, if any were made, the general reputation of the deceased for violence, if such has been proved, and the language of the deceased just before, and at the time, of the homicide, if such be in proof in determining the guilt or innocence of the defendant."

Appellant requested some special charges on this issue. We have carefully considered them. We think the court's charge and that given at appellant's instance sufficiently and fully cover a proper submission of the issue. It has always been held that, when an issue is properly covered and submitted by the court's charge and substantially and fully embraces other special charges requested by the accused, the court should, as he did in this instance, refuse to give such other special charges.

The court refused to give some other special charges of appellant to the effect "that appellant had the right to carry his gun with him and to load it if he believed, or had reason to believe, that he might have trouble with deceased, or if he believed, or had reason to believe, that deceased would do him serious bodily harm or take his life; or if, in addition, they believed he .secured the gun and loaded it to carry home with him, without any hostile intentions, but for the purpose of defending himself, he would be justified in loading it." In some cases this court has held that it would be proper to give some such charge. We have carefully considered the statement of facts, .the court's whole charge and these specially requested charges on this subject which the court refused, and, in our opinion, the court correctly refused his charges. Briefly stated, the testimony up to the immediate act of killing shows this state of fact: Appellant and deceased were brothers-in-law, deceased having married appellant's sister. They were on perfectly friendly terms. No disturbance between them theretofore was the occasion for the killing or had any bearing upon it at the time

of the killing. The killing occurred about, or after, 12 o'clock at night. All the evening before appellant and deceased were together on the most friendly terms. Appellant had procured some whisky, and they both drank freely of it all that evening and the night of the killing up to just a short time before the killing. Together they went from a gin, where they had met, or some other place whence they went together that evening, to deceased's home, each carrying with him his gun, with the intention of together going hunting that night. Appellant also at the time had along with him a box of cartridges. They reached deceased's home together somewhat early in the night. After together carousing, drinking and eating, they called in a neighbor, Mr. Davis, to go hunting with them, and all three started to do so, but deceased changed his mind after getting out a short distance from his home and declared he would not go hunting but would return home, and the other two also then so determined and returned to his home with him. Thereupon, appellant procured his gun, which he had brought with him, and some cartridges, loaded it and started home, following closely Mr. Davis and his wife and children, who were also returning to their home, a short distance away. After he had gotten out about the yard gate, deceased hailed him, went to where he was, and in a drunken condition followed him along up some distance to where the killing occurred. There was no testimony or intimation that appellant at any time after he procured and loaded his gun and started home with it in any manner or for any purpose sought the deceased at all, but the whole evidence is that he was attempting during all this time to get away from the deceased and return to his home. We think such charges as requested by appellant, under the circumstances of this case, were inapplicable. They could not and would not have been of any service to the jury to solve the questions submitted. And hence we conclude the court did not err in giving any of these specially requested charges on this subject.

No other question is presented.

The judgment is affirmed.

*Affirmed.*

### ON REHEARING.

### November 29, 1916.

PRENDERGAST, PRESIDING JUDGE.—The sole question now raised is that this court erred in the original opinion in holding that the trial court did not err in refusing to charge as appellant requested, as tersely stated by appellant in his motion on "the defendant's right to arm himself."

As shown in the original opinion, the testimony in the case made such a charge wholly inapplicable. We did not then cite the authorities, but do so now.

As shown in the original opinion, the charge of the court submitted appellant's claimed self-defense most fully and completely from all

standpoints, and in no way limited his right of self-defense by a charge on provoking the difficulty, or otherwise. Under such circumstances, by many decisions of this court, uniform on the subject, the rule is, which we take from 2 Branch's Ann. P. C., sec. 1950, p. 1091, as follows: If the court does not limit defendant's right of self-defense by a charge on provoking the difficulty, or otherwise, but gives him the perfect right of self-defense on every defensive theory, it is not error .to refuse to charge on his right to arm himself and seek an explanation. Williford v. State, 38 Texas Crim. Rep., 393; Harrelson v. State, 60 Texas Crim. Rep., 534; Holmes v. State, 69 Texas Crim. Rep., 588; Fox v. State, 71 Texas Crim. Rep., 318; Strickland v. State 71 Texas Crim. Rep., 582; Carey v. State, 74 Texas Crim. Rep., 112; Ford v. State, 77 Texas Crim. Rep., 252, 177 S. W. Rep., 1176; Crippen v. State, 189 S. W. Rep., 496, recently decided but not yet reported. We think these authorities are decisive against appellant's contention herein.

The motion is overruled.

'Overruled.

HARPER, Judge, absent.