## TOM RAY v. THE STATE.

### No. 4311. Decided December 20, 1916.

**1.—Murder—Self-defense—Sufficiency of the Evidence—Charge of Court.**

Where, upon trial of murder, the defendant claimed self-defense, which was fully submitted in the court's charge to the jury, and the evidence was sufficient to sustain the conviction, there was no reversible error.

**2.—Same—Evidence—Tone of Voice.**

Upon trial of murder, there was no error in admitting testimony that the defendant was mad, and that the witness could tell this from his tone of voice.

**3.—Same—Evidence—Threats—Reference to Deceased—Bill of Exceptions.**

Where, upon trial of murder, the evidence satisfactorily showed that defendant's threats or statement about the deceased had reference to the latter and no one else, there was no error in admitting it in evidence; besides the bill of exceptions was defective. Following Hiles v. State, 73 Texas Crim. Rep., 17, and other cases; Conger v. State, 63 Texas Crim. Rep., 312, and other cases.

**4.—Same—Evidence—Irrelevant Testimony.**

Upon trial of murder, there was no error in excluding testimony that the deceased inquired for whisky, etc., the evening before he was killed.

**5.—Same—Evidence—General Reputation—Bill of Exceptions.**

Where defendant objected to testimony of certain State's witnesses on the question of the general reputation of deceased as a violent, quarrelsome and dangerous man, but the bill of exceptions did not disclose what these witnesses testified to, there was no error.

**6.—Same—Self-defense—Provoking Difficulty—Charge of Court.**

Where, upon trial of murder, the court submitted self-defense without charging on provoking the difficulty or other limitation, there was no error in the court's refusal to give a requested charge that the defendant had a right to arm himself with a razor, etc., and that this did not abridge his right of self-defense. Following Williford v. State, 38 Texas Crim. Rep., 393, and other cases.

**7.—Same—Argument of Counsel.**

Where the argument of State's counsel was strictly based upon the testimony in the case, there was no error.

8.—Same—Newly Discovered Testimony—Presumption—Practice on Appeal.

In the absence of the evidence in the record heard upon motion for new trial for alleged newly discovered evidence, it must be presumed that the trial judge was authorized to refuse a new trial on that ground. Following Graham v. State, 73 Texas Crim. Rep., 28, and other cases.

Appeal from the District Court of Titus. Tried below before the Hon. J. A. Ward.

Appeal from a conviction ot murder; penalty, seven years imprisonment in the penitentiary.

The opinion states the case.

*J. A. Cook* and *T. C. Hutchings,* for appellant.—On question of going armed and seeking explanation: Shannon v. State, 35 Texas Crim. Rep., 2; Drake v. State, 133 S. W. Rep., 1144; Quinn v. State, 75 Texas Crim. Rep., 382.

*C. C. McDonald,* Assistant Attorney General, for the State.—On question of defective bill of exceptions where witness is incompetent: Lawson v. State, 51 S. W. Rep., 346; Ryan v. State, 64 Texas Crim. Rep., 628, 142 S. W. Rep., 878; Zunago v. State, 63 Texas Crim. Rep., 58; Smith v. State, 4 Texas Crim. App., 626; Arnold v. State, 74 Texas Crim. Rep., 269; Byrd v. State, 69 Texas Crim. Rep., 35; Hill v. State, 76 Texas Crim. Rep., 269, 173 S. W. Rep., 1022.

On question of newly discovered evidence: Templeton v. State, 5 Texas Crim. App., 398; Carrasco v. State, 34 Texas Crim. Rep., 565; Edwards v. State, 75 Texas Crim. Rep., 647.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted of murder and his punishment assessed at seven years in the penitentiary.

Appellant and deceased lived near neighbors and had been friendly until just a few days before appellant killed deceased. The road from town to deceased's passed by appellant's. In going from town home deceased had to pass along this road. The Sanders were renters of deceased and also lived near. A few days before the killing a horse of the Sanders had died, and they and appellant buried it in a branch, on which deceased had a sorghum mill, and it was necessary for him to use the water from this branch in connection with making sorghum. The dead horse greatly polluted the water. Deceased instituted a criminal prosecution against the Sanders for burying said horse where they did. They told appellant that deceased had also prosecuted him for the same thing. This greatly incensed appellant and made him mad at deceased. Appellant went to town with the Sanders on Saturday evening before the killing that night. The deceased and his two grown sons were in town also that evening. Appellant learned deceased was in town, and, according to the State's testimony, hunted him up and had a talk with him, wherein he accused deceased of prosecuting him about said horse, which deceased denied. As a matter of fact, deceased

had not prosecuted him but had instituted criminal proceedings against the Sanders. At this time appellant cursed deceased, according to the State's witnesses, and said to him: "You G—d d— son of a b—. I will see you tonight"; and, it seems, had his open knife in his hand at the time. Thereupon, one of the Sanders, who was with him, told him not to do that, and he desisted. Another State's witness, in substance, testified that appellant on this occasion said: "If I don't get him tonight or this evening I will get him tomorrow." Soon afterwards, and before night, appellant went home. Deceased and his two sons did not leave town for home until night. The State's witnesses testified that as deceased and they were passing appellant's house going home that night, appellant hailed deceased, had him to stop, stating he wanted to see him. He got his razor out of his trunk at the time and took it with him when he went down to see deceased. That appellant again accused deceased of prosecuting him about said horse, which deceased denied; and that, without deceased doing anything, appellant put one foot up on the hub of the wagon, got up, caught deceased with his left hand, and with his right cut deceased's throat from ear to ear with the razor, from which deceased died in a few minutes. Deceased's wagon then went on home. Appellant returned to his house, waited a few minutes, went to the Sanders', and in going threw away his razor. He had the Sanders to telephone for the sheriff to come and get him. According to the appellant and his wife and mother's testimony, deceased called appellant out to his wagon, stating that he wanted to see him, and appellant acted and cut deceased's throat in self-defense. His self-defense was submitted fully in the court's charge to the jury, and with ample evidence to sustain the finding, the jury found against him on this issue.

Appellant has several bills of exceptions to the admission and exclusion of very brief portions of testimony. It is unnecessary to take them up separately. A witness may testify that another was mad from his tone of voice. (1 Branch's Ann. P. C., pp. 73-74.)

Appellant has a bill showing he objected when the State asked one of its witnesses to state to the jury: "If you heard him say anything in reference to Mr. Daniels, tell what it was." To which question and answer he objected, and the witness answered: "Well, sir, I don't know if it was Mr. Daniels he was talking about or not; but I heard him say that if he didn't get him tonight or this evening, he would get him tomorrow." This is in substance the whole of the bill, except his objections, which were because same did not show that the defendant was talking about deceased, and it was prejudicial to his rights and inadmissible. The State objects to the consideration of this bill because it is wholly insufficient under the long and well established rules announced and adhered to by this court to authorize its review. The State's contention is correct. James v. State, 63 Texas Crim. Rep., 75; Conger v. State, 63 Texas Crim. Rep., 312; Ortiz v. State, 68 Texas Crim. Rep., 524; Best v. State, 72 Texas Crim. Rep., 201; 1 Branch's

Ann. P. C., p. 134, where he collates a very large number of cases. All the circumstances and testimony satisfactorily shows that appellant's said statement had reference to deceased and to no one else. (Howe v. State, 77 Texas Crim. Rep., 108, 177 S. W. Rep., 497; Hiles v. State, 73 Texas Crim. Rep., 17, and cases therein cited.)

Appellant has several other very meager and insufficient bills, wherein he complains that the court sustained the State's objection when he asked several witnesses if deceased on the evening when he was in town didn't inquire of them where he could get some whisky, and if deceased didn't drink quite a lot. The court's action was correct in all these matters.

Appellant introduced several witnesses who testified to deceased's bad reputation as a violent, quarrelsome and dangerous man, going back in that respect, it seems, some fifteen or sixteen years. The State on this point introduced, among others, two witnesses. Appellant's bills complain of the testimony of these two witnesses. The bill shows, however, that in answer to questions, they stated that they got acquainted with him fifteen to twenty or more years before the killing, but neither bill shows that either of said witnesses testified what deceased's reputation was at that time. Hence, they present no error.

The court, as stated, submitted appellant's claimed self-defense in a full and complete charge, to which there was no objection, and without in any way charging on provoking the difficulty, or otherwise limiting his said defense. The court, therefore, did not err in refusing to give his special charge to the effect that he had a right to get his razor and carry it with him to deceased's wagon at the time he killed deceased and that so doing in no way abridged his right of self-defense. Williford v. State, 38 Texas Crim. Rep., 393; Harrelson v. State, 60 Texas Crim. Rep., 534; Holmes v. State, 69 Texas Crim. Rep., 588; Fox v. State, 71 Texas Crim. Rep., 318; Strickland v. State, 71 Texas Crim. Rep., 585; Carey v. State, 74 Texas Crim. Rep., 112; Ford v. State, 77 Texas Crim. Rep., 252, 177 S. W. Rep., 1176; and the cases of Crippen v. State, 80 Texas Crim. Rep., 293, 189 S. W. Rep., 496, and Marshall v. State, 80 Texas Crim. Rep., 235, 189 S. W. Rep., 499, recently decided but not yet reported. The argument of the district attorney was strictly based upon the testimony of the case, and he had the right to base his argument thereon.

Appellant in his motion for new trial alleged some newly discovered testimony. The record shows that when the court heard the motion for new trial he heard evidence on this point. What that evidence was is in no way shown in this record. Hence, under all the authorities, this court must presume that the judge was clearly authorized to refuse a new trial on that ground. See the cases collated in Graham v. State, 73 Texas Crim. Rep., 28, and 1 Branch's Ann. P. C., p. 307.

There is no reversible error presented in this case, and the judgment is affirmed.

*Affirmed.*