## MIKE BEATY V. THE STATE.

### No. 10360.   Delivered February 23, 1927.

**1.—Manslaughter—Requested Charge—Issue Not Raised—Properly Refused.**

Where, on a trial for manslaughter, there was no limitation in the court's charge or appellant's right of self-defense, and no issue of provoking the difficulty raised by the evidence, there was no error in refusing a requested charge that appellant had the right to arm himself to protect himself against a probable attack by the deceased. Following Finch v. State, 71 Tex. Crim. Rep. 325, and other cases cited.

**2.—Same—Evidence—Impeaching Defendant—Properly Admitted.**

Where appellant, in a written confession, and also as a witness in his own behalf, had stated that one McDonald had told him that the deceased had threatened to give Mike Beaty (appellant) a 45 fit, there was no error in permitting the state to prove by said witness, McDonald, that deceased had not threatened appellant, and that he had not told appellant any such thing.

**3.—Same—Cross-Examination of Accused—Harmless, if Error.**

Where counsel for the state, while cross-examining appellant, remarked in reply to an answer to a question by appellant, "You have told that—that will make a charge of manslaughter," we do not regard the matter as having any prejudicial effect. The remark ought not to have been made, perhaps, but the court promptly withdrew it from the jury.

Appeal from the Criminal District Court of Tarrant County. Tried below before the Hon. Geo. E. Hosey, Judge.

Appeal from a conviction of manslaughter, penalty two years in the penitentiary.

The opinion states the case.

*Baskin, Eastus & Greines*, and *Sam S. Baskin* of Fort Worth, for appellant.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for manslaughter, punishment being two years in the penitentiary.

The person killed was Horace Pettis. The killing occurred at the house of Effie Noble. All parties concerned are negroes. It is undisputed that appellant made two trips to the house of Effie Noble on the night of the killing. It was his contention that he had been living with Effie and that his clothes were at her house; that hard feelings had arisen between him and deceased because

of the latter's attention to Effie; that he had secured a room at another place and had gone to Effie's home to get his clothes. Effie denied that any improper relations had existed between her and appellant.  She claimed that he had engaged a room at her house but had not come to occupy it 'and that she had rented the room to another party; that upon the occasion of appellant's first visit to the house on the night of the homicide he cursed and abused her on account of letting the room go; that when he left she told him not to come back.  He did return in about fifteen minutes and knocked upon the back door.  The testimony of the state's witnesses was to the effect that Effie told him he could not come in, that he tore the screen door off and pushed against the door to the room until it flew open, at which time deceased picked up a stick of pine stovewood and struck appellant on the head and closed the door, whereupon appellant fired two shots through the door, both striking deceased in the head.  Appellant's version of the matter is that when he knocked he was invited in, but as he opened the door he was struck on the head by some one; that at the time he did not know who it was; that the blow inflicted a wound from which blood flowed freely and blinded and dazed him; that at the time he fired the shots he did not know who his assailant was and did not learn until afterwards that he had killed deceased.  A more detailed statement of the evidence is not called for.

Appellant requested a charge which would have told the jury that if Pettis had made threats to take the life of or to inflict serious bodily injury upon appellant then the latter "had the right under the law to arm himself for the purpose of defending himself."  The court properly refused this charge, couched in the broad language employed.  If the court had charged on provoking the difficulty, or by his instructions had in any other way placed a limitation on appellant's right of self-defense it would have been appropriate under the facts to have advised the jury that if appellant went to the place where the killing occurred to get his clothes, and knew deceased was there and anticipated that deceased might attack him, and armed himself with a pistol to defend himself in event this occurred, then the fact that he had gone there with the pistol would not deprive him of his right of self-defense, nor be a limitation thereon.  However, we find no charge in any way limiting appellant's right of self-defense, hence no occasion to give any instruction along the line suggested.  Finch v. State, 71 Tex. Crim. Rep. 325, 158 S. W. 510; Ray v. State, 80 Tex. Crim. Rep. 461, 190 S. W. 1111; Briscoe

v. State, 90 Tex. Crim. Rep. 640, 236 S. W. 991.   See Sec. 1950, p. 1091, Branch's Ann. Tex. P. C., for additional authorities.

Complaint is brought forward because the state was permitted to prove by Will McDonald that deceased had not told witness that he (deceased) "was going to give Mike Beaty (appellant) a 45 fit." The state introduced in evidence a confession made by appellant in which he claimed that McDonald had told appellant that deceased had made the threat just quoted. Appellant also testified to the same fact, while a witness in his own behalf on the trial. The state was properly permitted in rebutal to call McDonald and prove by him that deceased had not uttered such threat nor that witness had ever told appellant any such thing. This was admissible to contradict appellant as a witness, and also to prove that the exculpatory statement in appellant's confession was untrue.

Bill of exception No. 3 shows that upon cross-examination of appellant he was asked, "When he hit you with this stick of wood did he knock you down, or knock you out, or make you holler or stagger and do anything else?" to which appellant replied, "I don't know, I became blind, everything was dark," whereupon state's counsel remarked, "You have told that,—that will make a charge of manslaughter." Objection was interposed to the remark and the court instructed the jury not to consider it for any purpose. We cannot attribute such harmful effect to the incident as insisted upon by appellant. It cannot be determined whether state's counsel meant that the evidence raised the issue of manslaughter upon which the court would have to charge, or that appellant's evidence showed him to be guilty of the offense of manslaughter, but in either event we do not regard the matter as having any prejudicial effect. The remark ought not to have been made, perhaps, but the court promptly withdrew it from the jury. The evidence warranted the verdict for manslaughter, for which the lowest penalty was assessed.

The judgment is affirmed.                               *Affirmed.*