### CHARLIE WHITAKER v. THE STATE.

No. 19130. Delivered June 16, 1937.
Rehearing Denied November 3, 1937.

The opinion states the case.

Denman & Fowler, of Nacogdoches, for appellant.

Lloyd W. Davidson, State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was indicted for the offense of an assault with intent to murder. He was convicted of the offense of aggravated assault and battery and his punishment was assessed at confinement in the county jail for a period of thirty days and a fine of $250.00.

Appellant relies upon two bills of exception which are based upon objections to the court's main charge. The first is that the court erred in declining to charge the jury that if Haynes was armed with a deadly weapon, it is presumed that he intended to use the same to kill or inflict serious bodily injury upon appellant, etc. We are unable to agree with his contention for the reason that there is no evidence in the record which shows that the knife which appellant claimed he saw in the hands of Haynes was a deadly weapon. The record is barren of any testimony as to the kind or size of said knife. To have given such a charge would have been assuming that it was a deadly weapon and would have been a charge on an issue not supported by any evidence.

Appellant's second objection was that the court erred in failing and refusing to instruct the jury that appellant had a right to seek Haynes and discuss with him remarks alleged to have been made by Haynes with reference to his relations with appellant's nieces and that if Haynes made any attempt to inflict serious bodily injury or kill him, the defendant, he had a right to defend himself. We do not think that such an instruction was necessary under the facts as developed upon the trial. The State's testimony shows that the appellant cut S. S. Haynes with a knife while Haynes was sitting in his automobile talking to Jack Kelley. The injury inflicted upon Haynes was such as made it necessary for him to be taken to a hospital for treatment and remain there for more than three weeks before he had sufficiently recovered to be discharged. Appellant testified that Haynes had made some derogatory remarks about two of his nieces by marriage; that on the day of the alleged offense he saw Haynes sitting in a car talking to the husband of one of said nieces; that he, appellant, walked up to the car with the view of talking to Haynes about the matter in the presence of the husband; that as he approached the car Haynes had an open knife in his hand; that when he, appellant, saw that knife he

threw his left arm around Haynes' neck and cut him; that Haynes cut him on the hand and on the side. He further testified that he did not intend to kill Haynes; that if he had intended to do so, he would have cut his throat. We quote from part of his testimony:

"* * * I pushed Mr. Jack Kelley aside and jumped in the car and caught Mr. Haynes around the neck with my left hand and started cutting him with my right hand, I will say, as quick as I could open that knife, and he went to cutting me. * * * I didn't cut him until he cut me. * * *"

The court fully instructed the jury on the law of self-defense without any restrictions or limitations. If the court had given an instruction with reference to provoking the difficulty or otherwise limited the appellant's right of self-defense, then there might be some merit in his contention. But in the absence of a charge presenting the law of provoking a difficulty the court was not in error in declining to charge the jury with reference thereto. Such a charge would only be required in cases where the issue of provoking a difficulty was raised by the testimony. See Williford v. State, 38 Texas Crim. Rep., 393 (396); Fox. v. State, 71 Texas Crim. Rep., 318, 158 S. W., 1141.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In his motion for rehearing appellant insists that we were wrong in holding that the trial court committed no error in refusing to charge on the presumption arising from the use of a deadly weapon by the assaulted party. The statement of facts has again been reviewed with appellant's contention in mind, but we are not impressed that we reached a wrong conclusion in our original disposition of the case.

The motion for rehearing is overruled.

*Overruled.*