ARNULFO FLORES V. THE STATE.

No. 22495.  Delivered June 2, 1943.
Rehearing Denied June 25, 1943.

The opinion states the case.

*Julian LaCrosse*, of Del Rio, for appellant.

*Spurgeon E. Bell*, State's Attorney, of Austin, for the State.

GRAVES, Judge.

The appellant was indicted in the district court of Terrell County for the offense of assault with intent to murder with malice, it being alleged that he committed that offense upon Bernardo Ramos. Upon trial the appellant was found guilty and his punishment fixed at five years in the penitentiary.

The statement of the facts shown herein is taken from the brief of our State's Attorney, and is correct and adopted by us:

"The complaining witness Bernardo Ramos testified that on the afternoon of the 25th of December, 1942, he was at a saloon operated by Chama Flores in the City of Sanderson. While he was there he saw Jose Angel Flores, who was the brother of the appellant. During the afternoon he and Jose had a fist fight, which ended without any real damage resulting to either. He states that later on that afternoon he was still in the saloon and Jose came back to the door and motioned him to come to the door. Jose opened the door and just as the witness stepped out the appellant stabbed him. He had not seen appellant up to this time as appellant was on the outside of the door. He was cut about four times, and as a result of his injuries was ill at home for about ten days. He exhibited to the jury the scars on the body that were caused by the cuts received from appellant. His testimony made a case of an unprovoked assault with intent to kill. He was substantiated in this testimony by several witnesses, but it becomes unnecessary to go into their testimony because the testimony does not help to solve any issue.

"Dr. R. E. Lester testified concerning the nature of the wounds, showing how serious they were. He asked that the in-

jured party be brought in so he could refer to the scars while he was speaking of the wounds. This was allowed and in this manner the scars were again exhibited before the jury.

"The appellant claimed self-defense. He claimed that Jose, who was his younger brother, did have a fight with the injured party the afternoon of December 25. He stated that Jose came home and he, appellant, noticed that his eye was swollen and he learned that it was caused by a lick given by the injured party, Ramos. The appellant testified that on the afternoon of the 25th of December he talked with the injured party in the saloon and the injured party told him he was going to hit Jose. He said at the time that Bernardo had a hand in his pocket. He also stated that Bernardo told him that he would fight with his fists or his knife, that he had had many fights in Sheffield. It was after this that the appellant saw the swollen eye of his brother Jose. He states that he then went back to the saloon to obtain an explanation from Ramos and that as he started in the saloon the injured party came at him with his hand in his pocket. The witness stated that he then pulled out his knife and as Ramos kept coming toward him he slashed at him and they clinched and both fell to the floor. This is a sufficient recital of the facts."

Three objections were made to the court's charge. The first objection was the failure of the court to submit the law of threats. The court did not err in this because the evidence did not raise the issue. No threat was made by the injured party toward the appellant or anyone else. The appellant testified that on the afternoon preceding the time of the injury that the injured party stated he had fought a lot before and could fight either with his fists or with his knife. This was no threat. There was a full submission in the court's charge of the issue of self-defense. Where the evidence does not raise the issue there is no need to submit an issue.

The second objection to the court's charge is that it failed to instruct the jury upon the right of the defendant to go to the saloon for the purpose of seeking an explanation from the injured party of the assault made by the injured party upon appellant's brother.

It is noted that the trial court gave a full and fair charge on the law of self-defense, untrammelled in any way, and it was therefore unnecessary to give any charge on the right to seek an explanation where such an unlimited charge was present. See Williford v. State, 38 Tex. Cr. R. 396, 42 S. W. 972, and cases cited in Branch's Penal Code, p. 1091, Sec. 1590.

The third objection is that the court failed to charge the jury that the knife used was not a deadly weapon per se. It will be found by referring to paragraph 15 of the court's charge that this objection was cured and the court did give this instruction.

By a formal bill of exception the appellant complains of the exhibition to the jury of the scars that were on the body of the injured party. There was no error in this because there had been a previous exhibition of the same scars without any objection, as the complaining witness on his appearing as a witness exhibited the scars to the jury. When Dr. Lester was on the stand he referred to the scars and pointed them out to the jury as he was describing the nature, depth and seriousness of the wounds. We fail to see where any harm was committed. Likewise, the bill is defective in that it fails to establish the fact that any of the scars were of such nature that they would serve to inflame the minds of the jury.

Finding no error in the record, the judgment is affirmed.

ON MOTION FOR REHEARING.

DAVIDSON, Judge.

Appellant insists that we were in error in concluding that it was permissible for the State to re-exhibit the scars on the body of the prosecuting witness, as complained of in Bill of Exception No. 1.

In addition to what we said in disposing of this question, note is to be taken of the further fact that, inasmuch as the weapon used in committing the assault was not a deadly weapon per se, it was material to the State's case to show that the injuries inflicted were of a serious nature and constituted a serious bodily injury. To that end, the State relied upon the testimony of the attending physician, who not only described the wounds—their nature, extent and seriousness—but pointed out, on the body of the injured party, the wound considered most serious, same being that which penetrated the pleura cavity, near the heart. Proof as to the wounds and scars showing the injuries received was, therefore, admissible as tending to establish the seriousness thereof, and constituted proof more than a mere exhibition thereof, as had been done in the first instance.

We remain convinced of the correctness of the conclusion reached originally.

Appellant's motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.