ANNIE MAE JAMISON v. THE STATE.

No. 22686. Delivered December 22, 1943.
Rehearing Denied (Without Written Opinion) February 23, 1944.

The opinion states the case.

*H. H. Shelton* and *Wright Stubbs,* both of Austin, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is murder. The punishment assessed is confinement in the state penitentiary for a term of five years.

The record in this case shows that on the 13th day of August, 1942, the appellant killed Lucille Hunt by cutting her with a knife, the blade of which was approximately four inches in length; that as a result of the wounds inflicted upon her, she died in a very few minutes. Both appellant and the deceased were negro women. The motive for the killing was jealously. Appellant had been informed that her husband and the deceased were having illicit relations; that on the day of the killing, appellant noticed her husband and the deceased standing on the corner of Fifth Street and Congress Avenue talking. She then went into a drug store and bought a knife commonly known as a "Dallas Special." After arming herself, appellant went to look for the deceased. When appellant came within a few feet of her the deceased began to throw rocks at her. Appellant then ran into the deceased and began cutting her with the knife. The coroner, who held the inquest, testified that he examined the body of the deceased; that he found one wound in the left breast about four inches in length and another one in the abdomen about six inches in length; that when the undertaker raised the body the intestines rolled partly out.

The foregoing is a brief summary of the material facts proven upon the trial and they are deemed sufficient to sustain her conviction.

The record is barren of any exceptions relating to the ruling of the court on any motions that were filed, as well as the admission or exclusion of any evidence.

The only questions presented for review relate to her objections to the court's main charge, the first of which is to the effect that the court failed to instruct the jury "that murder without malice is a voluntary homicide committed without justification or excuse under the immediate influence of a sudden passion arising from an adequate cause, by which is meant such a cause as would commonly produce a degree of anger, rage, resentment, or terror in a person of ordinary temper sufficient to render the mind incapable of cool reflection." Inasmuch as the jury found appellant guilty of murder without malice, we do not believe any reversible error was committed by the trial court, because if the court had given an instruction in the language of Article 1257c, P. C., and the jury had believed the homicide was voluntarily committed without justification or excuse while appellant was laboring under the immediate influence of a sudden passion arising from an adequate cause, the result of the trial would have been the same.

Her next objection is that the court, in his main charge, restricted her right of self-defense in this, that the court failed to instruct the jury that she had a right to arm herself before seeking an interview with the deceased because she had been told that the deceased was a dangerous woman. The rule seems to be well settled in this state that where the court in his charge does not limit the accused's right of self-defense in any manner, it is not error to fail to instruct the jury on the right of the accused to arm himself and seek an explanation. See Branch's Ann. Tex. P. C., p. 1091, sec. 1050; Williford v. State, 38 Tex. Cr. R. 393; Gatlin v. State, 113 Tex. Cr. R. 247.

Finding no reversible error in the record, the judgment of the trial court is in all things affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.