## MARY STEWART v. THE STATE.

### No. 2590.    Decided June 27, 1913.

**1.—Murder—Argument of Counsel.**

Where the bill of exceptions did not disclose the error with reference to argument of State's counsel, and no charges were requested, and the record showed that the State's counsel may have properly used the language objected to, there was no reversible error. Following Clayton v. State, 67 Texas Crim. Rep., 311.

**2.—Same—Corpus Delicti—Sufficiency of the Evidence.**

Where, upon trial of murder and a conviction of manslaughter, the corpus delicti was amply proved and the evidence was otherwise sufficient to sustain the conviction, there was no error.

**3.—Same—Charge of Court—Manslaughter.**

Where, upon the trial of murder, the evidence raised the issue of manslaughter for which the defendant was convicted, there was no error, and he was in no condition to complain, even if the evidence established murder. Following Woodward v. State, 54 Texas Crim. Rep., 86.

**4.—Same—Charge of Court—Manslaughter—Deadly Weapon.**

Where, upon trial of murder and a conviction of manslaughter, the court correctly submitted a charge on manslaughter, and also what constituted a deadly weapon, more favorably than the law required, and did not assume that the evidence was true, there was no error.

**5.—Same—Self-defense—Charge of Court.**

Where, upon trial of murder, the court's charge on self-defense was more favorable than the law authorized, defendant could not complain, and there was no error.

Appeal from the Criminal District Court of Harris. Tried below before the Hon. C. W. Robinson.

Appeal from a conviction of manslaughter; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Green & Boyd,* for appellant.—On question of failure to prove corpus delicti: Lovelady v. State, 14 Texas Crim. App., 545; Lucas v. State, 19 id., 79; Hang v. State, 18 id., 675; Walker v. State, 14 id., 609.

On question of court's error in instructing on manslaughter: Rabb v. State, 12 Texas Crim. App., 491; Brown v. State, 54 Texas Crim. Rep., 121; Snowberger v. State, 58 id., 530.

On question of argument of counsel: Rodrigues v. State, 58 Texas Crim. Rep., 275, 125 S. W. Rep., 403; McKinley v. State, 52 Texas Crim. Rep., 182; Baughman v. State, 49 id., 33; Pollard v. State, 33 id., 197; Askew v. State, 54 Texas Crim. Rep., 414, 113 S. W. Rep., 287.

*C. E. Lane,* Assistant Attorney-General, for the State.—On question of court's charge on self-defense: Branch's Crim. Law, sec. 452.

PRENDERGAST, JUDGE.—Upon a trial for murder appellant was convicted of manslaughter and her penalty fixed at the lowest prescribed by law.

Appellant has but one bill of exception. It is to this language used by the district attorney in his closing argument to the jury: "The defendant seems to have a local reputation of being a cutter." The circumstances under which this was said the bill in no way discloses, nor does it disclose anything else in the case so as to require this court to pass upon the bill, but in any event it presents no error. No written charge was requested requiring the jury not to consider it. House v. State, 19 Texas Crim. App., 227; Tweedle v. State, 29 Texas Crim. App., 586; Bass v. State, 16 Texas Crim. App., 62; Clayton v. State, 67 Texas Crim. Rep., 311, 149 S. W. Rep., 119, and cases there cited. If we could look to the record it would show that the district attorney probably had the right to make use of such language in his argument, for the record would show that appellant killed the deceased by stabbing and cutting her, and that some time prior to that she had cut her.

It would serve no useful purpose to recite the evidence in this case. We have carefully considered it, and it is amply sufficient to sustain the verdict of murder in the second degree, as well as that of manslaughter. The evidence amply shows the corpus delicti. The uncontroverted proof shows that appellant stabbed deceased in a vital part of her body. As one witness expresses it, with "a large pocket-knife, awful large," and cut and slashed her several times therewith, from which she almost immediately fell in the street and died before an ambulance could reach her and take her to a hospital. There is no intimation that she died or was killed in any other way except at the hands of appellant. The evidence clearly shows, as stated above, that the jury could find that the knife with which she killed deceased was a deadly weapon. The knife with which the killing was done, it seems, was not produced and introduced in evidence, though the one with which deceased, in the fight, cut appellant was produced and introduced, and all the evidence in the case shows that it was a large spring-back knife and the witnesses for the State showed that the knife with which appellant killed deceased was the same kind of knife.

Appellant complains that the evidence did not raise manslaughter and the court erred in charging thereon at all. His contention in effect is that the evidence showed,—not manslaughter,—but from the State's standpoint, murder in the second degree only. The court charged on murder in the second degree,—the State waiving murder in the first,—manslaughter and self-defense. Appellant's only defense was self-defense. We are inclined to believe from the evidence that manslaughter was raised and should have been charged by the court. As stated by Judge White in section 801a, subdivision 2, page 520 of his Code of Criminal Procedure, if the facts proved create a doubt in the mind of the trial judge as to the necessity of a charge on manslaughter in a trial for murder, the doubt should be resolved in favor of the accused and such charge be given. He cites a large number of cases in support of this proposition. Doubtless, the trial court in this instance acted upon this proposition, and we are not prepared to say that he was

not justified in doing so. However, if as contended by appellant, the evidence showed from the State's standpoint, murder in the second degree and not manslaughter, she is in no position to complain, because the court submitting manslaughter was in her favor and not against her. This court in a great many cases has held, as stated by Judge White, in section 807 of his Annotated Code of Criminal Procedure: "Though there are decisions of this court holding that an erroneous charge which inures to the benefit of the accused, if excepted to, constitutes reversible error a proper construction of articles 735 to 743, inclusive, does not warrant such a conclusion where the error excepted to is harmless or beneficial to the defendant." And he cites a large number of cases to that effect. We have in many recent cases reaffirmed and reiterated this principle. "Where the evidence establishes murder on express malice and murder in the first degree, this does not constitute such variance between the allegations and proof as would entitle defendant to an acquittal, but he may legally be convicted, upon such proof, of murder in the second degree." Woodward v. State, 54 Texas Crim. Rep., 86.

Again, "It was not error on the part of the court to instruct the jury that, although the evidence might show appellant guilty of murder upon express malice, yet that would constitute no reason for an acquittal; that they could, on such testimony, find him guilty of murder in the second degree." Moore v. State, 52 Texas Crim. Rep., 336. So we say in this case, even if the evidence from the State's standpoint showed murder in the second degree, it would sustain a conviction for manslaughter.

The court, while not copying the statute literally, defining manslaughter, in his charge defining it he did so in substance and in effect as applicable to this case. The charge also accurately defined adequate cause as prescribed by the statute. There is no error pointed out against this charge.

The court also correctly charged what it took to constitute a deadly weapon as has many times been approved by this court. White's P. C., sec. 1298. And as stated above, the evidence was sufficient to establish that the knife with which appellant killed deceased was a deadly weapon, or authorized the jury to so find.

In submitting manslaughter to the jury for a finding the court charged:

"If you believe from the evidence, beyond a reasonable doubt, that the defendant, Mary Stewart, in the County of Harris and State of Texas, on or about the 21st day of June, 1912, did, with a knife, the same being then and there a 'deadly weapon,' as that term is herein defined, unlawfully cut and thereby kill the said Ella Jones, and you further believe from all the evidence that at the time of such killing, if any, the mind of the defendant was agitated by either of the emotions of the mind known as anger, rage, resentment or terror, rendering it incapable of cool reflection, then you will find the defendant guilty of

manslaughter and assess her punishment at confinement in the penitentiary for a term not less than two nor more than five years. If you believe beyond a reasonable doubt that the defendant is guilty of some grade of culpable homicide, but you have a reasonable doubt as to whether she is guilty of murder in the second degree or manslaughter, you should not find her guilty of a higher grade of offense than manslaughter."

Appellant's complaint of this charge is that it instructs the jury that if they believe the mind of the defendant was agitated by anger, rage, resentment or terror, regardless of what caused or produced the condition. Even if this be true, the charge in that respect is more favorable to appellant than the law authorized, and being so, she can not justly complain thereof. There is no intimation in this charge as contended by appellant that said instruction assumes that she is guilty of manslaughter. This charge, as a whole, is as favorable, if not more so, to appellant than the facts and law authorized.

The only other complaint by appellant is to the charge of the court on self-defense. The court charged: "If you believe from the evidence that the defendant, Mary Stewart, did, with a knife, cut and thereby kill the said Ella Jones, and you further believe from the evidence that at the time of such cutting, if any, the said Ella Jones did make a demonstration that induced the defendant to believe, viewed by you from the defendant's standpoint at the time, that she, the said Ella Jones, was about to attack her and inflict death or serious bodily injury upon her, or if you believe from the evidence that the said Ella Jones did first cut the defendant, then you are charged that the defendant had the right to cut the said Ella Jones and continue to cut her as long as the danger, if any, or apparent danger, if any, existed, and she should not be required to retreat in order to avoid the necessity or apparent necessity of cutting the said Ella Jones, and if you so find you will acquit the defendant." Appellant's complaint in substance of this charge is that it authorized her acquittal if she cut deceased and does not authorize her acquittal if she killed her by cutting her. What we have said about the other charges above is equally applicable to this. The charge is really more favorable to appellant than authorized by the law and evidence, and it, in effect, as is shown, tells the jury to acquit her if appellant cut deceased under such circumstances as would authorize her to do so in self-defense, or if deceased first cut her. We see no ground of complaint whatever by appellant on this score.

There being no reversible error, the judgment is affirmed.

*Affirmed.*