## MARVIN ANDERSON V. THE STATE.

No. 9993.　Delivered October 13, 1926.

Rehearing denied March 23, 1927.

**1.—Manufacturing Intoxicating Liquor—Charge of Court—No Error Shown.**

Where, on a trial for manufacturing intoxicating liquor, appellant complains of the failure of the court to charge the converse of the law of principals, and his failure to submit in an affirmative way, the defense interposed, and the charge discloses that those issues were fairly and correctly embraced within the court's main charge, no error is shown.

**2.—Same—Argument of Counsel—Objections To—Rule Stated.**

Where appellant objects to the argument of counsel for the state, and the court orally instructs the jury not to consider the same, and the appel-

lant fails to present a written charge instructing the jury not to consider the argument, as the matter is presented in this record, we do not think that a reversible error is shown. See Stewart v. State, 158 S. W. 996; Strickland v. State, 161 S. W. 110; Chaffino v. State, 154 S. W. 546; Kelly v. State, 151 S. W. 304.

### 3.—Same—Evidence—Opinion of Witness—Properly Excluded.

Where appellant was not permitted to prove by his witness that it was his opinion that a person standing in the place where prosecuting witness testified that he stood and saw appellant manufacturing whiskey could not have seen what said witness testified to, on account of underbrush, trees, etc., the opinion of the witness was properly excluded. Said witness was permitted to testify as to the character of obstructions between the position of state's witness and the appellant, and it was for the jury to determine whether or not appellant could have been seen by state's witness, as testified to by him.

#### ON REHEARING.

### 4.—Same—Argument of Counsel—When Reversible Error—Rule Stated.

In passing upon complaints directed to argument of counsel, the rule is set forth in an opinion in the Tweedle case, 29 Tex. Crim. App. 591, by Judge Davidson, in this language: "Concede that the argument was improper, it does not follow that the judgment should be reversed for this cause. The remarks must not only be improper, but they must be of such a nature as to be clearly calculated to prejudice the rights of the defendants. To reverse in all cases where counsel fail to confine themselves to the record, would render trials a farce. There is hardly a case of any importance tried but that during the progress of the trial some unguarded expression is used by counsel upon either side. It would be a remarkable coincidence if this were not true."

### 5.—Same—Continued.

When no constitutional provision or mandatory statute has been transgressed, there is no inflexible rule governing the action of the court in passing upon argument. It has often been said that remarks are sometimes so obviously harmful that they cannot be successfully withdrawn. The general rule is to the contrary, however, in the present instance, the evidence being quite sufficient to sustain the conviction, the penalty assessed being the lowest, and the court having withdrawn at least a part of the argument, a reversal would not be authorized. See Vernon's C. C. P., 1925, Vol. 2, under Art. 648, p. 86, etc.

Appeal from the District Court of Hopkins County. Tried below before the Hon. J. M. Melson, Judge.

Appeal from a conviction for manufacturing intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*Dial & Brim* of Sulphur Springs, for appellant.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense charged is manufacturing liquor, and the punishment assessed is one year in the penitentiary.

Appellant's first complaint is with reference to the court's charge on the burden of proof. Paragraph 4 of the court's main charge presents the matter in as favorable light as that asked by the appellant.

Bill No. 2 complains at the court's refusal to give a special charge submitting the converse of the court's charge on the law of principals, and in this connection complaint is further made at the court's failure to submit in an affirmative way the defense interposed by the defendant. We observe that in paragraph 9 of the court's main charge he fully and fairly submitted the converse of the law of principals and an examination of the charge further shows that appellant's defense was fully submitted to the jury.

Complaint is made at the argument of the District Attorney. The bill shows that the objection to this argument was sustained and the jury orally instructed not to consider the same. The record further shows that appellant did not tender a written charge instructing the jury not to consider the argument, and under the record as presented we think reversible error is not shown. Stewart v. State, 158 S. W. 996, Strickland v. State, 161 S. W. 110. Chaffino v. State, 154 S. W. 546. Kelly v. State, 151 S. W. 304.

Complaint is made at the court's action in sustaining the state's objection to the following question:

"Knowing the location and the growth of the brush and brambles and briars in the woods, at that time of night, from the position where Tom Proctor and John Hatchett were, in your opinion, considering the character of night, was it possible for any one to see the defendant from the position where Tom Proctor, the witness, testified he was at the time he saw the defendant about the still moving jars, and doing something to the fire?"

The record shows that this witness was permitted to testify as to the character of obstruction that was between Tom Proctor and the defendant at the place where Tom Proctor said he was, and the jury was thereby enabled to form their own conclusions as to whether or not Tom Proctor could have seen the defendant at the time and from the location he said he was in. It occurs to us that the question asked called for a conclusion of the witness and one that it was not proper for him to give. On the contrary, we think the jury could draw its own conclusion from the facts shown. It was entirely proper and as we understand the

record the court permitted the witness to detail the obstructions, the character of the night, etc., and to have gone further and permitted the witness to have said that Proctor could not have seen the appellant, in his judgment, would have been equivalent to permitting the witness to substitute his opinion or judgment for that of the jury.

What has been said disposes of the questions presented by appellant, and finding no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—It appears from bill of exceptions No. 3 that during the trial there were a number of spectators in the court room and that state's counsel used the following language:

"Turn him loose if you don't believe him guilty; if you don't believe he did the crime. And if the defendant is guilty and has manufactured such a diabolical defense as his defense seems to be, give him the highest penalty, and don't say to these bootleggers in the courthouse listening that he is not guilty."

Upon objection by defendant's counsel, the court verbally instructed the jury to disregard the statements, upon which the District Attorney further remarked:

"I will say this: You and the District Court try men. You have a right to believe you try men for the same offense and you have a right to believe they are in the courthouse awaiting trial."

This statement was also made the subject of objection, though the bill fails to show that the court acted upon it.

In the case of Tweedle v. State, 29 Tex. Crim. App. 591, Judge Davidson, in discussing an argument which was complained of as being improper, used this language:

"Concede that this argument was improper; it does not follow that the judgment should be reversed for this cause. The remarks must not only be improper, but they must be of such a nature as to be clearly calculated to prejudice the rights of the defendant. To reverse in all cases where counsel fail to confine themselves to the record would render trials farce. There is hardly a case of any importance tried but that during the

progress of the trial some unguarded expression is used by counsel upon either side. It would be a remarkable coincidence if this were not true."

A distillery was located upon the bank of a certain creek. After watching it the officers raided it. The appellant and two other persons were present. According to the officers, these persons were engaged in operating the still. The appellant fled but was pursued and captured by the officers. The still was complete, in operation and making whiskey. Mash and a quantity of whiskey were found at the still. In the appellant's testimony he explained his presence with the statement that while hunting opossums at night and hearing voices he went to the still without knowledge of its location. Assurance that he was not an officer was demanded by and given to the persons who were present, after which they invited him to drink whiskey. He remained for that purpose, and at a very short time after his arrival the raid was made.

When no constitutional provision or mandatory statute has been transgressed, there is no inflexible rule governing the action of this court in passing upon arguments. The test of the effect of the remarks of counsel can only be made in the light of the evidence adduced and the verdict of the jury. It has often been said that remarks are sometimes so obviously harmful that they cannot be successfully withdrawn. The general rule is to the contrary, however, and we think, in the present instance, the evidence being quite sufficient to sustain the conviction the penalty assessed being the lowest, and the court having withdrawn at least a part of the argument, that a reversal would not be authorized. In Vernon's C. C. P., 1925, Vol. 2, under Art. 648, p. 86, etc., are collated a great number of precedents reflecting the action of this court upon the complaints of arguments of counsel. Many that are pertinent to the present case are collated under note 36, p. 123. As stated above, however, with the exceptions named, the facts and the results, as well as the nature of the particular case, are controlling in passing upon the complaints of arguments upon appeal.

The motion for rehearing is overruled.  *Overruled.*