## TED HAYES V. THE STATE.

No. 22551. Delivered June 9, 1943.

The opinion states the case.

*W. E. Martin,* of Abilene, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted by a jury of driving an automobile upon a public highway while intoxicated, and fined the sum of $125.00.

The facts show that two police officers of the city of Abilene, on the night of February 16, 1943, passed the car of appellant double parked before the Canton Cafe. He was motioned to move on by the police, and made some remark to them, the nature of which is not shown. The officers drove on down the street south to the next intersection, turned west half a block to an alley, and came back north about half a block from the Canton Cafe. They followed appellant as he drove down the street, and came up to him as he was sitting in his car in a parkway between the cafe building and an alley. He was intoxicated. This was about 8:40 P. M.

Appellant and his friends all denied his intoxication at the time while he was driving the automobile, and said that the intoxication occurred after he had parked the car behind the Canton Cafe. It was admitted by appellant that at the time he was arrested he had taken several drinks, but was not "much intoxicated," but that such slight intoxication took place entirely after he had stopped driving; that prior to such time he had taken no intoxicating liquor that day. This controverted issue was settled by the jury against appellant's contention of sobriety.

It was also shown by appellant's witness, Roy Lewallen, that prior to appellant's arrest, and on the same afternoon, he and appellant were contemplating the joint purchase of an automobile, and were together for many hours at Lewallen's house. That eventually they got in company of one Dub Nelson; and it was shown that at the time of the alleged drunk driving appellant was then still in company with Dub Nelson, and both were arrested for drunkenness. Nelson was supposedly in Abilene at the time of the trial, but neither side used him as a witness.

Bill of exceptions No. 1 complains of the following transaction: While the State's attorney was cross-examining Lewallen he elicited the following testimony:

"Yes I have been convicted of a felony in 1940. I haven't worked in sometime. I do not stay at the Canton cafe all the time. I stay around there quite a lot. No, I do not have an office there. I am figuring on going back to work pretty soon. Dub Nelson has been in the penitentiary, too."

The last sentence of such statement was objected to by appellant on the ground that same, among other things, "could only serve to prejudice the defendant in the minds of the jury by showing that he was keeping company with an ex-convict, and was thereby putting the defendant's reputation in issue." It is shown that the trial court promptly sustained appellant's objections to such question and answer relative to Nelson and instructed the jury not to consider such question and answer thereto. It is made evident by appellant's own testimony, as well as that of his witness Lewallen, that he was at Lewallen's house or in his company about three and one-half hours just prior to his association with Nelson; that Lewallen was an ex-convict was shown without objection, and, viewed in the light of the trial court's instruction, we do not think any material injury is evidenced by showing that he was in the company of two ex-convicts instead of one. No written charge was

requested, and this being a misdemeanor case, we think our conclusion is sound that no material injury is shown. See Anderson v. State, 292 S. W. 218.

Bill of exceptions No. 2 complains of the following argument of the county attorney before the jury:

"Where is Dub Nelson that was with this defendant on the occasion in question? This defendant has failed to bring in the only witness who could corroborate his testimony and who was with the defendant at the time and place. He knows that Dub Nelson would say the same as the officers have said in this case. No, he doesn't dare bring in his eye witness."

This argument was objected to for the reason that "said argument was the unsworn testimony and statement of the county attorney as to what someone would testify if they had been called as a witness." Whereupon the trial court sustained such objection and instructed the jury not to consider such argument. A portion of this argument was borne out by the testimony, and would seem to be unobjectionable. The appellant himself testified that he supposed Nelson was then in Abilene; and the county attorney's statement as to what appellant knew about Nelson's testimony was doubtless but conjecture as to what defendant knew relative to Nelson's testimony, and the only portion of such remarks that doubtless caused the trial court to direct the jury to disregard the same. We also note the absence of any requested written instruction herein to the jury relative to such incident, and we are not impressed with any error shown in such bill. See Anderson v. State, supra; also Tweedle v. State, 29 Tex. App. 591, 16 S. W. 544; House v. State, 19 Tex. App. 227; Bass v. State, 16 Tex. App. 62.

Perceiving no error in the record, the judgment is therefore affirmed.